Emil J. NELSON and Richard M. Roberts, Defendants-Appellants,

v.

Harold G. STEINER and Ollie Mae Steiner, Plaintiffs-Appellees.

No. 12805.

United States Court of Appeals Seventh Circuit.

June 29, 1960.

John G. Laughlin, Atty., U. S. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Atty., Civil Division, Dept. of Justice, Washington, D. C., for appellants.

Robert J. Downing, Chicago, Ill., for appellees, Raskin & Downing, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This is an appeal from a judgment entered on May 12, 1959, by the District Court for the Eastern District of Wisconsin finding the defendants Emil J. Nelson and Richard M. Roberts in contempt of court. Damages in the amount of $400.00 each were assessed against each defendant to be paid to the plaintiffs.

On May 22, 1959 the defendants filed a motion to alter and amend the findings of fact and judgment and in the alternative for a new trial, and for a stay of judgment. The Court granted the stay of judgment pending a decision on the motion which stay was later extended until a mandate of this Court should be filed following this appeal.

On May 29, 1959 the Court denied the defendants' motion to amend or alternatively for a new trial.

The basic facts involved in this appeal follow:

On July 10, 1957 the District Court held levies and notices of levy made in connection with alleged income tax deficiencies of Harold G. and Ollie M. Steiner for the years 1945, 1946 and 1947 null and void, and entered an injunction order against the defendant Emil J. Nelson. The order, stripped of its legal verbiage,

in effect sets forth the following requirements:

1. Emil J. Nelson, his successors, officers, agents, servants, employees, attorneys, representatives, and privies, and each of them, are hereby permanently enjoined and restrained from directly or indirectly:

A. Making any and all assessments for purported deficiency in income taxes for the year 1945 for Harold G. Steiner and for the years 1946 and 1947 for Harold G. and Ollie Mae Steiner until the expiration of the ninety day period after notice of deficiency is properly mailed to said taxpayers.

B. Making, beginning or prosecuting any distraint or proceeding in court or otherwise for collection of deficiencies in taxes allegedly due from said taxpayers for the years 1945, 1946 and 1947 until the expiration of the ninety day period after notice of deficiency is properly mailed to said taxpayers.

C. Issuing any and all summonses, subpoenas, levies, notices of levy or assessments for the collection of deficiencies in taxes allegedly due the United States Government for the years 1945, 1946 and 1947 until the expiration of the ninety day period after notice of deficiency is properly mailed to the taxpayers.

2. Emil J. Nelson is directed to take all such action as is necessary to release any and all levies or notices of levy declared null and void and shall refund all moneys, etc. collected pursuant thereto and shall forward to Harold G. and Ollie Mae Steiner copies of all releases of levies or notices of levy and all refunds of collections all within sixty days from the date of the order.

3. Emil J. Nelson shall take any and all action to release of record any and all notices of liens filed in the office or offices designated by law for the filing of such notice and shall advise Harold G. and Ollie Mae Steiner of any and all action taken within sixty days from the date of the order.

4. Emil J. Nelson, his successors, officers, agents, servants, employees, attorneys, representatives, and privies and each of them are permanently enjoined from directly or indirectly taking any and all action for the collection of taxes for the years 1945, 1946 and 1947 from the plaintiffs until the expiration of ninety days after notice of deficiency is properly mailed to the plaintiffs.

On November 4, 1957 the District Court entered an order stating that the July 10, 1957 order is not intended to prevent the Government from making any valid assessment it may make starting over, not following through on the invalid one.

This Court affirmed the July 10, 1957 order on October 16, 1958, Steiner v. Nelson, 259 F.2d 853 (Docket No. 12274).

On November 10, 1958 the United States Court of Appeals, Seventh Circuit, Chicago, Illinois, issued its mandate in said case No. 12274. Notice of said mandate was issued on that date to Robert J. Downing, attorney for plaintiffs and Charles K. Rice, Assistant Attorney General, Washington, D. C.

On November 12, 1958 the mandate was filed with the Clerk of the District Court, eastern district of Wisconsin.

On January 13, 1959 an Order to Show Cause was entered by the District Court and served that date upon defendant Emil J. Nelson.

Defendant, Emil J. Nelson, testified that on January 5, 1959, he took the following preliminary steps to comply with the court's order:

He called George Bender, Chief of the Collection Division, to his office and directed him to:

(a) Commence the preparation of releases of lien;

(b) Schedule for payment to the Regional Disbursing Office, at Min-

neapolis, the 19,200 and some-odd-dollars; and

(c) Have Erv Pries, a revenue officer, ready to leave Milwaukee on January 15, 1959, to personally deliver the checks totalling over $19,000 to Mr. Steiner.

At the same time he also directed preparation of a jeopardy assessment covering taxpayers' alleged deficiencies for 1945, 1946 and 1947.

No formal action was taken to comply with the order of July 10, 1957, until January 13, 1959, after the filing and serving of the order to show cause.

At a hearing on February 27, 1959 the defendant, Richard M. Roberts, Chief of the Claims Section, Tax Division, Department of Justice admitted the order of July 10, 1957 had not been complied with within the time required in said order and further admitted that on January 13, 1959 a civil complaint No. 3172 was filed in the District Court of the United States of America, Western District of Wisconsin to keep the $19,271.41 due under the July 10, 1957 order within the United States Government. The defendant Roberts further accepted full responsibility for the filing of said suit in the Western District and further admitted that the Government held the plaintiffs' assets illegally. Defendant Roberts admitted at the hearing that at the time the action on the order to show cause was commenced not a single thing in the order of July 10, 1957 had been complied with.

Defendant Roberts further submitted himself to the jurisdiction of the Court and waived any question concerning service.

The contested issues are:

1. Did the District Court abuse its discretion in holding defendants in civil contempt?

2. Does the judicial branch of the Government have the authority to hold in civil contempt employees of the executive branch of the Government for an admitted failure to comply with a District Court order affirmed by the Court of Appeals?

3. If the order of the District Court is affirmed should the costs to the plaintiffs for this appeal be assessed against the defendants?

This action falls within 18 U.S. C.A. § 401(3). The action is for a civil contempt.

Civil contempt has two purposes:

1. To coerce a respondent to compliance of the court's order; and

2. To compensate petitioner for losses sustained by respondent's disobedience of a court's order.

The facts as set forth in this opinion establish contempt of the District Court's order of July 10, 1957. It is interesting to note that the defendant, Emil J. Nelson, District Director of Internal Revenue for the State of Wisconsin stated that he had the sum of $19,271.41, but was not sure to whom it should be paid. It is evident to this court that all he would have had to do was file a petition with the District Court asking for instructions as to the disposition of that amount. The failure of the defendant Emil J. Nelson to pay the amount of $19,271.41 to the plaintiffs, Harold G. Steiner and Ollie Mae Steiner, his failure to release of record notices of liens and failure to notify the Steiners of the releases of levies and releases of liens and notices of liens are all violations of the terms of the District Court's order dated July 10, 1957.

The contemptuous action of the defendant Roberts arose as a result of his issuing the necessary directions to the United States Attorney to commence the civil action to keep with the United States Government the sum of $19,271.41. The defendant Roberts admitted that there had not been compliance with the District Court's order of July 10, 1957.

The taxpayers, plaintiffs-appellees, made no demand on Nelson for the refund or release of the levies and liens.

Both the taxpayers and Nelson apparently treated the affirmative commands of the injunctive order as in abeyance during the period of appeal and until the expiration of the 60 day period following filing of this Court's mandate with the District Court. But the filing of the foreclosure action, January 13, 1959, in a different district, and for the admitted purpose of subjecting the $19,271.41 refund due taxpayers to the liens for 1945, 1946 and 1947 taxes for which the January 7, 1959 jeopardy assessment was made was in direct violation of the restraints imposed by the injunctive order and was affected through the cooperation of both Nelson and Roberts.

For the reasons above stated we are of the opinion that the District Court did not abuse its discretion in holding that the defendant, Emil J. Nelson, District Director of Internal Revenue, for the State of Wisconsin, and the said Richard M. Roberts, Chief of the Claims Division, Department of Justice, and each of them were in civil contempt of the District Court.

That the action of defendants was taken pursuant to instructions of superior authority is no defense. The executive branch of government has no right to treat with impunity the valid orders of the judicial branch. An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until reversed by orderly and proper proceedings. And the "greater the power that defies law the less tolerant can this Court be of defiance", United States v. United Mine Workers of America, 330 U.S. 258, 293, 312, 67 S.Ct. 677, 705, 91 L.Ed. 884.

The order of the District Court is affirmed.

The plaintiffs request that this Court enter an order directing the District Court to assess as additional costs, the expense of this appeal, including the cost of printing the briefs, attorney's fees and expenses, so far as it pertains to the appeal in this Court. The power to punish for contempt is to be sparingly used (Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797) and the District Court has allowed $800.00 for expenses and attorney's fees. The further request is denied.

Affirmed.