Donald J. GRAVES, Graves Auto Salvage, Inc., Rose Marie Graves, Graves Body Crusher, Inc., Becky Sue Hoover, Plaintiffs,

v.

KEMSCO GROUP, INC., Markle Manufacturing Co., H. Kent Murphy, Marvin Bradburn, and Car–Go Corporation, Defendants.

No. F 80–190.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

July 17, 1987.

See also 676 F.Supp. 1417.

Roland W. Gariepy, Fort Wayne, Ind., for plaintiffs.

David A. Lundy, Lundy and Associates, Fort Wayne, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on the defendants', Kemsco Group, Inc.; Markle Manufacturing Co.; H. Kent Murphy; Marvin Bradburn; and Car–Go Corporation, request to find the plaintiffs, Donald J. Graves; Graves Auto Salvage, Inc.; Rose Marie Graves; Graves Body Crusher, Inc.; and Becky Sue Hoover, in contempt of the court Order entered August 24, 1982. The court conducted an evidentiary hearing in the United States Courthouse in Fort Wayne, Indiana, on May 26 and 27, 1987. The parties were given until June 22, 1987, to file final briefs. All briefs and evidence have been submitted.

A recitation of the procedural history of this case is necessary for proper analysis. This case was filed on October 1, 1980, by Donald J. Graves and Graves Auto Salvage, Inc. against Kemsco Group, Inc. and Markle Manufacturing, Inc. The plaintiffs alleged in the complaint that:

> Defendants have and continue to manufacture and/or sell Junk Metal Compressors embodying the subject matter of said United States Letters Patent No. 4,188,876 and are thereby infringing all of the claims of said Letters Patent and will continue to infringe said Letters Patent unless enjoined by this Court.
>
> Defendants have knowingly and actively induced infringement of said Letters Patent No. 4,188,876 by selling to others the means for directly infringing said Letters Patent, and have thereby infringed said Letters Patent and will continue to infringe said Letters Patent unless enjoined by this Court.
>
> Defendants, in furtherance of their scheme of unfair competition, have religiously copied Plaintiffs' packaging and merchandising methods. Defendants have copied the style and design of Plaintiffs' Junk Compressors and have alleged origination by themselves of Junk Metal Compressors disclosed and claimed in United States Patent No. 4,188,876 retulting (sic) in loss of good will and damage to Plaintiff.

The case proceeded through discovery and a subsequent motion for summary judgment. The case was set for jury trial to begin September 20, 1982. However, on August 24, 1982, the Honorable William C. Lee, after due consideration of the motion for summary judgment entered an order which made the following pertinent findings of fact and law:

> That plaintiff Donald J. Graves was issued on February 19, 1980, United States Letters Patent No. 4,188,876 for "Junk Metal Compressor" on an application filed on December 20, 1977.

That prior to February 19, 1980, Defendants have manufactured and sold a salvage compactor as disclosed in the advertising brochure entitled "Crush 25 cars a month, you'll pay for the crusher ... & make more profit than if you contract crush!" a copy of which is attached hereto as Exhibit A.

That subsequent to February 19, 1980, Defendant Kemsco Group, Inc. has sold and has caused to be manufactured by Markle Manufacturing Company and others a newly designed salvage compactor disclosed in the advertising brochure entitled "Nutcracker 345 creates new opportunities and profits" a copy of which is attached hereto as Exhibit B and distinguishable in that it does not include the structure of:

"a frame having * * * a plurality of upright supports upstanding from the bed, and a pair of generally horizontally disposed beams connecting ends of upright supports remote from the bed, the bed, upright supports and beams connected together to form a generally rectangular framework with a longitudinal vehicle accepting opening therethrough (sic) through which a vehicle body may be passed with the rectangular framework completely encircling the vehicle, * * * "

That Defendants are continuing to manufacture, have manufactured, and/or sell said salvage compactors disclosed in Exhibit B and Defendants customers are continuing to use said salvage compactors.

That on July 7, 1981 Defendants filed "Defendant's Motion for Summary Judgment For A Declaration of Noninfringement"; and on September 2, 1981 Plaintiffs have filed "Plaintiff's Opposition To Defendants' Motion For Summary Judgment and Declaration on Noninfringement".

That Defendants' manufacturing and selling to Defendant's customers and Defendant's customers use of said salvage compactors as disclosed in Exhibit B does not infringe any claim of United States Letters Patent No. 4,188,876 and said salvage compactors as disclosed in Exhibit B are not covered by any claim of United States Letters Patent No. 4,188,-876.

That said salvage compactor disclosed in Exhibit B does not infringe United States Letters Patent No. 4,188,876 under 35 U.S.C. § 271(a), (b) and/or (c) by Defendants' manufacturing or selling of said trash compactor and Defendants' customers using said trash compactors.

That Plaintiffs' agents, servants, confidants, attorneys and employees and all persons in active concert with them and each of them are enjoined from publishing, disseminating or issuing any statement and from committing any act or ommission (sic), directly or indirectly which would be reasonably calculated to indicate to the consuming public that said trash compactors disclosed in Exhibit B infringe any claim of United States Letters Patent No. 4,188,876 under 35 U.S.C. § 271(a) or (b) or (c).

Further, on September 17, 1982 a stipulation of dismissal with prejudice signed by Ronald D. Welch, plaintiffs' counsel, was entered. Final judgment was entered September 17, 1985, and no appeal was taken.

On November 15, 1985, the defendants filed a motion to find the plaintiffs in contempt for failure to obey the Order entered August 24, 1982. The defendants were ordered to serve a copy of that motion on counsel of record. Further, the plaintiffs were ordered to respond by December 19, 1985, and a pretrial conference was scheduled for December 19, 1985. On November 25, 1985, that Order was returned as undeliverable to Ronald D. Welch. Mr. Roland Gariepy entered his appearance and filed the plaintiffs' answer to the contempt charge, on December 19, 1985. Further, the plaintiffs filed a motion to stay proceedings due to a pending petition in bankruptcy. A preliminary pretrial conference was scheduled for January 2, 1986. On December 31, 1985 the defendants filed motions to name additional plaintiffs and defendants. Judge Lee conducted the preliminary pretrial conference on January 2, 1986 and permitted subsequent filing of reply briefs on the pending motions.

Judge Lee recused himself and this judge accepted jurisdiction of this case.

On February 10, 1986, this judge scheduled the case for pretrial conference on August 22, 1986. However, on August 13, 1986, the plaintiffs requested and were granted a continuance. A pretrial conference was conducted on December 5, 1986, at which time the court set May 26, 1987 as the date for the evidentiary hearing. On December 12, 1986, several stipulations were filed and as a result: (1) the motion for stay was denied; (2) the motion to intervene was granted; and (3) the motion to name additional plaintiffs was granted. The evidentiary hearing was conducted and the court now makes the following findings of fact and law.

Judge Lee's Order entered August 24, 1982 comprehensively dealt with the infringement of United States Letters Patent No. 4,188,876 (876 patent). Judge Lee found that the car crusher which was illustrated in exhibit A to his order was not manufactured after the 876 patent was issued. Further, Judge Lee found that the car crusher which was illustrated in exhibit B to his Order did not infringe the 876 patent.

■ There was some dispute about whether the plaintiff, Mr. Graves, had knowledge or actual notice of the Order enjoining his activity. The record reflects that the Order of August 24, 1987, the stipulation of dismissal, and the final judgment were entered and as is the custom and procedure of the Clerk of the United States District Court for the Northern District of Indiana the same were mailed to counsel for all parties. The record also illustrates that neither the Order, the stipulation of dismissal or the final judgment were returned undeliverable. The plaintiff's, Mr. Graves, testimony was filled with contradictions and evasive answers. The method and content of Mr. Graves' testimony compels this court to join the United States Bankruptcy Court and the Indiana Industrial Board in finding that Mr. Graves' testimony is not credible. It is clear from the record that Mr. Graves had knowledge and actual notice of Judge Lee's Order entered August 24, 1982.

Mr. Graves admitted placing the advertisements in the October, 1985 and November, 1985 "Locator" which was a national trade magazine. Those advertisements included the following language:

These companies or individuals, Kemsco Group, Kent Musphy (sic), Markle Mfg., Marvin Bradeburn (sic) and Nutcracker have been charged with patent infringement of Graves Body Crusher patent # 488–876. They have been stopped from continuing this practice by federal court action F–80–190. Graves Body Crusher was granted a patent by the patent office of February 19, 1980, and that patent coverage is good for 17 years from date of issue.

Any person who makes or sells a patented article without the consent of the holder of a patent, is guilty of patent infringement. Any person who actively induces another person to violate the rights of a patent holder may be found guilty of patent infringement. Patent infringement is an unlawful violation of the rights of a patent holder and can result in court action by the patent owner seeking damages, triple damages if the infringement is deliberate and also court action to stop further use of the patented article and prevent any further infringement of the patent holders rights.

Any owner of a Nutcracker and or any machine presently owned by anyone that has purchased a Nutcracker since 1980 to present, is infringing Graves Body Crusher patent rights.

I would like to take this opportunity to make the present owners aware of that they, as owners, as well as sellers are guilty in the eyes of the law of patent infringement. And I have the right to stop them from selling or using their product and I will enforce this right after the Federal Bureau of Investigation is through with all their investigations into the illegal acts committed by Kent Murphy or Nutcracker people. The changing of the name Car–Packer from (Nutcracker) but, being sold by Kent Murphy 219–

485–3572 or Car–Go Corp. does not change court rulings. Owners buyers or users may find themselves subject to court action and in some cases triple damages. One of the reasons I have not taken action is because the federal government through the Small Business Association loans made by Kemsco Group, and or Kent Murphy was never satisfied and Kent Murphy was still selling and making crushers and telling the Small Business Association he was no longer involved, therefore he was not able to pay the loan. That's when the Small Business Association has turned the collection over to the Federal Bureau of Investigation to investigate all owners of any crushers built and sold by Kemsco Group, Kent Murphy and all of his organizations.

I would like to add if there is anything left after the Federal Bureau of Investigation finalizes their investigation, then I will be in a good position to enforce my right as a patent holder.

> Yours truly,
> Graves Body Crusher

Mr. Graves also admitted that he placed an advertisement, by telephone, in the September, 1985 Locator which included the following language:

> The companies or individuals, Kensco (sic) Group, Ken Murphy, Nutcracker, Marco (sic) Manufacturing, Marvin Bradburn, have been involved in patent infringement of Graves Body Crusher Patent No. 4188876. They have been stopped from continuing this practice by Federal Court action F–890–190.

> The changine (sic) of the name to Car Pactor but being sold by Ken Murphy 219–758–2060 or Cargo (sic) Corp. does not change the court's ruling. Owners or buyers may find themselves subject to court action or large fines.

> I also think you should know that all nutcracker owners will be investigated by the F.B.I. because of F.B.A. loan made by Kensco (sic) Group that was never repaid, and Ken Murphy tells F.B.A. he isn't making crushers now.

> Graves Body Crusher

Critical portions of those advertisements are patently false. Specifically neither the Order of August 24, 1982 or the final judgment enjoined or "stopped" the defendants from any acts and the Order specifically found no infringement. In addition, when questioned about the SBA and FBI allegation Mr. Graves either evaded the question or admitted he had not investigated or had no facts to support his claim. Further, although it appears the name "Nutcracker" was used for several different car crushers, Mr. Graves admitted that he knew that the defendants manufactured a different "Nutcracker" after February, 1980. That different "Nutcracker" was specifically found not to infringe by Judge Lee. In spite of that knowledge, Mr. Graves placed the advertisements which said:

> Any owner of a Nutcracker and or any machine presently owned by anyone that has purchased a Nutcracker since 1980 to present, is infringing Grave Body Crusher patent rights.

In January, 1982 Donald J. Graves purported to transfer Graves Body Crusher, a sole proprietorship, to Rose Graves. Two other adversary proceedings, one in the United States Bankruptcy Court, the other before the Indiana Industrial Board, found that that transfer was fraudulent and therefore void. Further, there is no evidence in the record before the court of any subsequent transfer of interest or rights in Graves Body Crusher, a sole proprietorship. Consequently, at all times pertinent to the defendants' claims Donald J. Graves controlled all interest and rights in Graves Body Crusher. An exhibit admitted at the evidentiary hearing indicates that Articles of Incorporation for Graves Body Crusher, Inc. were filed with the Indiana Secretary of State on August 14, 1986; Rose Graves was listed as the incorporator.

The record before the court reveals that Graves Body Crusher, a sole proprietorship, paid for the advertisements. Rose Graves testified that she drafted and sent the check drawn upon the funds of Graves Body Crusher, a sole proprietorship, to the Locator to pay for the advertisements. Mr. Graves testified before this court as

well as other judicial or administrative officers that he was not involved with Graves Body Crusher, a sole proprietorship, when the advertisements were placed. This court joins the United States Bankruptcy Court and the Indiana Industrial Board in finding that testimony wholly contrary to the facts. Mr. Graves owned and controlled Graves Body Crusher, a sole proprietorship, when he placed the advertisements in the Locator. Further, Mr. Graves and Graves Body Crusher, a sole proprietorship, had knowledge and actual notice of Judge Lee's Order entered August 24, 1982, when those advertisements were placed.

Mr. Graves also argues that the August 24, 1982 Order did not specifically enjoin him personally from doing anything. In the face of the express language of Rule 65(d) that argument is patently frivolous.

The other defendants, Rose Marie Graves, Becky Sue Hoover, and Graves Body Crusher, Inc., can be addressed briefly. There are no facts in this record which reasonably lead to the conclusion that Rose Marie Graves, Becky Sue Hoover, or Graves Body Crusher, Inc. had any knowledge or actual notice of the August 24, 1982 Order. All acts, if any, taken by Rose Marie Graves or Becky Sue Hoover in support of the acts sought to be declared contemptuous were completed before they had knowledge or actual notice of the August 24, 1982 Order. Since Graves Body Crusher, Inc. did not exist prior to August 14, 1986, it could not have had knowledge or actual notice of the August 24, 1982 Order at any time relevant to the defendants' claims.

The defendants seek relief under the civil contempt authority of the court. Although the same facts may give rise to both criminal and civil contempt, when a litigant seeks to vindicate his "own rights and not the authority of the court" it is an action for civil contempt. *Thompson v. Cleland,* 782 F.2d 719, 722 (7th Cir.1986); *Shakman v. Democratic Organization,* 533 F.2d 344, 348–49 (7th Cir.1976), *cert. denied,* 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). The relief sought by the defendants is clearly intended to vindicate their rights, not the authority of the court.

■ To prevail on their request for a finding of contempt, the defendants must prove by clear and convincing evidence that (1) the plaintiffs had actual notice of an Order; (2) the Order meets the specificity requirements of Rule 65(d); and (3) the plaintiffs violated the Order.

Rule 65(d) states:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

FRCP 65(d). The Order entered August 24, 1982, sets forth reasons for its issuance. Further, the Order describes in reasonable detail the act or acts which were restrained. It is clear that the Order entered August 24, 1982 complies with the specificity requirements of Rule 65.

The express language of Rule 65(d) is "binding only upon the parties to the action ... who receive actual notice of the order by personal service or otherwise." FRCP 65(d). The plaintiff, Donald J. Graves, his corporation, Graves Auto Salvage, Inc., and his sole proprietorship Graves Body Crusher all had actual notice of the order by personal service or otherwise. Consequently, Donald J. Graves, Graves Auto Salvage, Inc., and Graves Body Crusher, a sole proprietorship, are bound by the Order entered August 24, 1982.

The defendants have failed to prove by clear and convincing evidence that Rose Marie Graves, Becky Sue Hoover and Graves Body Crusher, Inc. had actual notice of the order by personal service or otherwise before the acts upon which the defendants' claims are premised occurred. Therefore, Rose Marie Graves, Becky Sue

Hoover and Graves Body Crusher, Inc. were not bound by the Order entered August 24, 1982 at the time the acts complained of occurred.

The Order entered August 24, 1982, enjoined Donald J. Graves, Graves Auto Salvage, Inc. and Graves Body Crusher from:

[p]ublishing, disseminating or issuing any statement and from committing any act or ommission (sic), directly which would be reasonably calculated to indicate to the consuming public that said trash compactors disclosed in Exhibit B infringe any claim of United States Letters Patent No. 4,188,876 under 35 U.S.C. § 271(a) or (b) or (c).

Judge Lee found that the car crushers manufactured by the defendants "subsequent to February 19, 1980" did not infringe. The advertisements placed by the plaintiffs state:

Any owner of a Nutcracker and or any machine presently owned by anyone that has purchased a Nutcracker since 1980 to present, is infringing Graves Body Crusher patent rights.

That language clearly and flagrantly violates the Order entered August 24, 1982. Consequently, the plaintiffs Donald J. Graves and Graves Auto Salvage, Inc. are found to be in contempt of the Order entered August 24, 1982.

Accordingly, and for all the above reasons, it is the ORDER of the Court that the defendants', Remsco Group, Inc., Markle Manufacturing Co., H. Kent Murphy, Marvin Bradburn and Car–Go Corporation, Motion to cite the plaintiffs, Donald J. Graves, Graves Auto Salvage, Inc., Rose Marie Graves, Graves Body Crusher Inc., and Becky Sue Hoover, motion for contempt for failure to obey the court's Order entered August 24, 1982 be, and is hereby, GRANTED IN PART as to Donald J. Graves and Graves Auto Salvage, Inc. It is FURTHER ORDERED that the defendant's motion be, and is hereby, DENIED IN PART as to Rose Marie Graves, Becky Sue Hoover and Graves Body Crusher, Inc. It is FURTHER ORDERED that all plaintiffs individually and collectively, the plaintiffs' agents, servants, confidants, attorneys, employees, heirs, assigns, successors in interest and all persons in active concert with them and each of them are enjoined from publishing, disseminating or issuing any statement and from committing any act or omission, directly or indirectly which would be reasonably calculated to indicate to the consuming public that the trash compactors manufactured by defendants, their assigns or successors in interest infringe any claim of United States Letters Patent No. 4,188,876 without prior written consent of the district judge of the United States District Court for the Northern District of Indiana. It is FURTHER ORDERED that the language of the above injunction shall be included in any and all transfer of the assets or interest owned by Donald J. Graves, Rosie Marie Graves, or Becky Sue Hoover in any business known as Graves Auto Salvage, Inc., Graves Body Crusher, a sole proprietorship, or Graves Body Crusher, Inc. The Clerk of the United States District Court for the Northern District of Indiana is Ordered to ensure delivery of this Order to the plaintiffs' counsel and each named plaintiff individually. SO ORDERED.