864 F.2d 754
 9 U.S.P.Q.2d 1404
 Donald J. GRAVES and Graves Body Crusher, Inc., Plaintiffs-Appellants,
Graves Auto Salvage, Inc., Rose Marie Graves and Becky Sue
Hoover, Plaintiffs,
v.
KEMSCO GROUP, INC., Markle Manufacturing Co., H. Kent
Murphy, Marvin Bradburn and Car-Go Corporation,
Defendants-Appellees.
 No. 88-1379.
 United States Court of Appeals,
Federal Circuit.
 Dec. 28, 1988.
 
 Roland W. Gariepy, Fort Wayne, Ind., argued for plaintiffs-appellants.
 David A. Lundy, Lundy & Walker, Fort Wayne, Ind., argued for defendants-appellees. With him on the brief was Robert Luke Wayne.
 Before FRIEDMAN, SMITH, and ARCHER, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Northern District of Indiana, holding the appellants in civil contempt and assessing damages against them in favor of the appellees. Graves v. Kemsco Group, Inc., 676 F.Supp. 1417 (N.D.Ind.1988). The issues are whether the district court improperly determined the damages because (1) the appellees failed to prove their damages by clear and convincing evidence, and (2) the proof of damages, which consisted solely of testimony, was insufficient because it was uncorroborated by the appellees' business records or other documentary evidence. We reject both of these contentions and affirm the judgment.I
 
 
 2
 On August 24, 1982, shortly before the scheduled trial of a suit by two of the appellants charging two of the appellees with infringing the appellants' patent on a trash compactor, the district court granted the appellees' motion for summary judgment declaring that a car crusher named the "Nutcracker," manufactured by the appellee Kemsco Group, Inc. (Kemsco), did not infringe the patent. The court entered the following injunction:
 
 
 3
 That Plaintiffs' agents, servants, confidants, attorneys and employees and all persons in active concert with them and each of them are enjoined from publishing, disseminating or issuing any statement and from committing any act or ommission [sic], directly or indirectly which would be reasonably calculated to indicate to the consuming public that said trash compactors disclosed in Exhibit B infringe any claim of United States Letters Patent No. 4,188,876 under 35 U.S.C. Sec. 271(a) or (b) or (c).
 
 
 4
 Graves v. Kemsco Group, Inc., 676 F.Supp. 1411, 1413 (N.D.Ind.1987).
 
 
 5
 In November 1985, Kemsco filed a motion in the district court to hold Graves in contempt for failure to obey the August 24, 1982 order by placing advertisements which stated: "Any owner of a Nutcracker and or any machine presently owned by anyone that has purchased a Nutcracker since 1980 to present, is infringing Graves Body Crusher patent rights." 676 F.Supp. at 1415. The district court found that this advertisement "clearly and flagrantly violates the Order entered August 24, 1982," id. at 1417, and held Graves in civil contempt. We affirmed the civil contempt order. Graves v. Kemsco Group, Inc., 852 F.2d 1292 (Fed.Cir.1988).
 
 
 6
 Almost immediately after the first contempt order was entered, Kemsco charged Graves with further contempt.
 
 
 7
 A trial was held to assess damages in connection with the contempt finding and to determine whether Graves should be found in further contempt. Myron Bradburn, the president and sole shareholder of the appellee Car-Go Corporation, testified regarding the damages his company had suffered as a result of the advertising; the court found this testimony credible. In addition, the deposition of the appellee H. Kent Murphy, former president of Kemsco, concerning his damages, was introduced.
 
 
 8
 Based on this evidence, the district court entered a judgment against the appellants in favor of Marvin Bradburn and Car-Go Corporation for $100,000 and in favor of H. Kent Murphy for $50,000. 676 F.Supp. at 1421. The court awarded costs and attorney fees of $125,882.58. Id. The court also found that Graves had committed the second contempt, as Kemsco had alleged, and referred the matter to the United States Attorney to determine whether Graves should be prosecuted for criminal contempt. Id.
 
 II
 
 9
 A. Although this contempt proceeding arose out of a patent infringement suit, the damages issues before us are not unique to patent cases. In reviewing the damages award we therefore apply, as far as possible, the law of the regional circuit, here the Seventh, rather than the law of this circuit. See Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575 (Fed.Cir.1984).
 
 
 10
 B. Contrary to the appellants' contention in their brief, the Seventh Circuit does not require that damages in a civil contempt proceeding be proved by clear and convincing evidence. It is only "violations of injunctive orders [which] must be proven by 'clear and convincing' evidence." Shakman v. Democratic Org. of Cook County, 533 F.2d 344, 351 (7th Cir.), cert. denied, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976).
 
 
 11
 C. Similarly, there is no requirement for documentary corroboration where the court's determination is supported by credible testimony. The testimony upon which the district court based its award of damages in this case was competent evidence that supports the award, even though it was that of parties to the action. See Fed.R.Evid. 601.
 
 
 12
 1. An award of damages in a civil contempt proceeding requires proof of both the fact of injury to the aggrieved party and the amount of damages the aggrieved party has suffered. Norstrom v. Wahl, 41 F.2d 910 (7th Cir.1930); Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113-14 (3d Cir.1970). Cf. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 562, 51 S.Ct. 248, 250, 75 L.Ed. 544 (1931). The appellants do not contend that the district court's finding that the appellees were damaged by the appellants' advertisements is clearly erroneous. They challenge only the evidentiary basis for the amount of the damage award. They contend that the absence in evidence of the appellees' books or records or other documentary evidence made the testimonial evidence insufficient to support the award.
 
 
 13
 Contempt damages, like other damages, "need not be calculated with mathematical precision." Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543, 553 (7th Cir.1975). All that is necessary is credible evidence sufficient to establish the amount of damages. Courts, no less than "juries[,] are allowed to act upon probable and inferential, as well as direct and positive proof." Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 264, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946), quoting from Story Parchment, 282 U.S. at 561-64, 51 S.Ct. at 250-51.
 
 
 14
 2. Here there was ample evidence to support the district court's award. There was testimony regarding both lost sales and profits and the costs associated with remedying the damage caused by the advertisements.
 
 
 15
 Myron Bradburn testified that sales of the car crusher dropped significantly once the Graves advertisements began to appear; that sales of 76 units were lost, based on a drop-off from levels projected by a 1984 market study; that total lost profits of approximately $400,000 were calculated on the basis of an average per-unit profit of $5,250; and that some $80,000 of advertising costs expended from 1985 through 1987 were considered negated by the Graves advertisements. In addition, he testified that Car-Go Corporation had undertaken a variety of marketing efforts to counteract the adverse effects of the Graves advertisements. These efforts included increased advertising, mailing of advertising brochures, and attendance at trade shows.
 
 
 16
 Bradburn also described the cost of future remedial efforts to overcome the effects of the Graves advertisements, and estimated that those efforts would cost an additional $48,330 between 1988 and 1990. Murphy testified that remedial marketing to overcome the effect of the advertisements on his company would cost between $15,000 to $20,000 a month for at least five years.
 
 
 17
 After considering all the evidence, the district court stated that it would "determine in a restrained, conservative and reasonable fashion the amount of damages sustained by the defendant." 676 F.Supp. at 1421. The court considered the Bradburn testimony and concluded:
 
 
 18
 His testimony, which is certainly the testimony of a defendant testifying on his own behalf, is credible. However, there is some element of exaggeration as to the amounts involved. The salient facts that he testified to indicate that there was real and substantial damage as a direct result of the contemptuous conduct here.
 
 
 19
 Id.
 
 
 20
 The district court had discretion to determine the basis for setting the amount of civil contempt damages. See Connolly v. J.T. Ventures, 851 F.2d 930, 932-33 (7th Cir.1988). The testimony supports the determination of the court which, after recognizing that there was "some element of exaggeration as to the amounts involved," set damages in a "restrained, conservative and reasonable fashion." The amount awarded is not unwarranted, excessive, or unreasonable, and the findings upon which it rests are not clearly erroneous. See Crane v. Gas Screw Happy Pappy, 367 F.2d 771, 775 (7th Cir.1966), cert. denied sub nom. Borrowdale v. Reuland, 386 U.S. 959, 87 S.Ct. 1029, 18 L.Ed.2d 108 (1967); accord Folk v. Wallace Business Forms, Inc., 394 F.2d 240, 244 (4th Cir.1968). This was not a judgment "based on speculation or guesswork." Bigelow, 327 U.S. at 264, 66 S.Ct. at 580.
 
 
 21
 3. In their reply brief, filed the day before oral argument, the appellants relied upon Flintkote Co. v. Lysfjord, 246 F.2d 368 (9th Cir.), cert. denied, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957). At oral argument they stated that Flintkote required that an award of damages in a civil contempt proceeding could not be based solely on testimonial evidence, but also required the production of the business's books and records to establish the losses it suffered from violation of the injunction.
 
 
 22
 Flintkote, which involved the evidentiary sufficiency of a jury award of damages in an antitrust case, did not hold that books and records were the only basis upon which lost profits could be shown. The court's actual holding was as follows:
 
 
 23
 Where, as here, the sole evidence as to loss of profits is the testimony of the plaintiffs, both inexperienced in business operations, stating what they had expected to make during the infancy of a newly-created enterprise based on inaccurate computations of the most money they had made working as salesmen for an established firm in years preceding those in question, with no attempt having been made to establish a comparison as to either the businesses or the years, the jury verdict predicated on such evidence cannot stand.
 
 
 24
 246 F.2d at 394 (footnote omitted).
 
 The court then stated:
 
 25
 We do not hold nor imply that a jury verdict could not be upheld under any circumstances solely on the testimony of the plaintiffs. We hold only that if they are qualified to make these estimates, the record must show their competency and the factual basis upon which they rest their conclusions.
 
 
 26
 Id.
 
 
 27
 The fact that Flintkote held that the particular testimony there presented was insufficient to sustain the jury award of damages for lost profits does not establish the general rule urged by the appellants that testimonial evidence is never sufficient to establish damages. Indeed, as quoted above, Flintkote expressly rejected the latter proposition. Here, as we have held, there was credible testimonial evidence that supports the damage award. Counsel neither helps his client nor aids us in performing our judicial function by thus distorting and misrepresenting to us the actual holding of that case.
 
 CONCLUSION
 The judgment of the district court is
 
 28
 AFFIRMED.