GAIDRY, J.
^Defendant, Milford Lee, appeals a Judgment of Contempt rendered against him based upon his violation of an injunction. Specifically, Mr. Lee alleges that the court erred in basing a finding of contempt upon a violation of a judgment that was both vague and not yet final.
Mr. Lee’s argument that the injunction was vague was addressed in his appeal under Docket Number 2005CA2496, and *832 rejected.[1] Other issues related to the injunction itself were also addressed in the companion appeal. City of Baton Rouge v. Lee, 20052496 (La.App. 1 Cir. 11/03/06), 941 So.2d 199, (Unpublished opinion). Since we have found that the injunction was not vague, Mr. Lee’s argument that the court erred in basing a contempt ruling on his failure to comply with a vague injunction is without merit.
Mr. Lee next argues that the court could not properly find him in contempt for his failure to comply with the injunction because he had filed a motion for new trial and therefore the judgment granting the injunction was not yet final. Louisiana Code of Civil Procedure article 3605 provides that the order granting an injunction “shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.” The judgment granting the injunction, which was rendered in court on May 9, 2005, was signed on May 24, 2005. At the hearing on the injunction, Mr. Lee’s attorney asked the judge when the injunction would be effective, and the judge answered that “[I]t’s effective as of this minute” and that Mr. Lee had fifteen days to comply. The judgment was mailed to counsel for all parties on May 24, 2005, and there is no indication that the judgment was | ¡¡returned undeliverable. Mr. Lee’s attorney filed a Motion for New Trial on May 31, 2005, which was denied by the court on June 1, 2005. A rule for contempt was filed by the plaintiff on June 28, 2005, and after a September 12, 2005 hearing, at which evidence was produced to show that Mr. Lee had still failed to comply with the order of the court, he was found to be in contempt. It is clear from the record that Mr. Lee had “actual knowledge of the order by personal service or otherwise.” See Graves v. Kemsco Group, Inc., 676 F.Supp. 1411, 1416-17 (N.D.Ind. 1987).[2] Mr. Lee’s second assignment of error is without merit.
DECREE
The September 20, 2005 judgment of the district court is affirmed. All costs of this appeal are assessed to defendant, Milford Lee.
AFFIRMED.

. Mr. Lee also raises issues related to the injunction itself in a separate appeal, under Docket Number 2005CA2496.

. Graves involved Rule 65(d) of the Federal Rules of Civil Procedure rather than Louisiana Code of Civil Procedure art. 3605; however, Louisiana Code of Civil Procedure art. 3605 is substantially identical to FRCP 65(d), and therefore, federal jurisprudence interpreting Rule 53 provides useful guidance in interpreting the statute. Scott v. Hospital Service Dist. No. 1 of St. Charles Parish, 496 So.2d 270 (La. 1986).