**Carole Heller WEITZMAN, as assignee of Saul Weitzman, Plaintiff,**

**v.**

**Sidney STEIN, Albert Feiffer and Norman Rubinson, Defendants.**

**No. 70 Civ. 4037 (DNE).**

United States District Court, S.D. New York.

Aug. 10, 1994.

*MEMORANDUM & ORDER*

EDELSTEIN, District Judge:

On May 16, 1988, this Court issued an Order ("the May 16 Order") directing, *inter alia,* the seizure and sale of a 1983 Lincoln Towne Car ("the Lincoln") by the Sheriff of the City of New York ("the Sheriff"). The May 16 Order reads, in relevant part:

It is hereby ORDERED, that Garage Management Corp. shall release to the plaintiff or plaintiff's representatives, the 1983 Lincoln Towne car bearing Florida license plate number IPE 075 . . . and it is further

ORDERED, that Sidney Stein, Gail Rohme and their representatives are prohibited from interfering with any part of this Order, and it is further

ORDERED, that the plaintiff or plaintiff's representative shall take possession of said motor vehicle and shall arrange for the sale of said motor vehicle by the Sheriff of the City of New York. . . .

On June 15, 1989 plaintiff moved, by order to show cause, to hold Barry Schwartz, Esq.[1] in contempt of court for violating the May 16 Order. Plaintiff alleged that Mr. Schwartz contemptuously violated the May 16 Order by deliberately interfering with the Court-ordered sale of the Lincoln. The basis of Mr. Schwartz' alleged violation of the May 16

Order was that on May 30, 1989, Mr. Schwartz delivered a letter to the Sheriff that caused the Sheriff to cancel the sale of the Lincoln that was scheduled to occur on the following day.

On July 11, 1989, this Court held a hearing regarding plaintiff's motion for civil contempt. After considering the various papers submitted to the Court, as well as the evidence adduced at the July 11, 1989 hearing, this Court found that (1) Mr. Schwartz had violated this Court's May 16, 1988 Order; and (2) this violation constituted contempt of Court. *See Weitzman v. Stein,* 70 Civ. 4037 (DNE) (July 11, 1989 Hearing Transcript), at 153–54. This Court indicated that a Memorandum & Order incorporating the Court's findings and the imposition of an appropriate sanction would be filed subsequent to the July 11, 1989 hearing.[2]

■ Title 18, United States Code, Section 401 provides that "A Court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." A Court may hold a party in civil contempt "only if there is a clear and unambiguous order, noncompliance is proved clearly and convincingly, and 'the defendant has not been reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Drywall Tapers & Pointers of New York v. Local 530,* 889 F.2d 389, 394 (2d Cir.1989) (quoting *Powell v. Ward,* 643 F.2d 924, 931 (2d Cir.), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981)), *cert. denied,* 494 U.S. 1030, 110 S.Ct. 1478, 108 L.Ed.2d 615 (1990); *see also In re Weiss,* 703 F.2d 653, 661 (2d Cir.1983). In addition, due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing. *See id.; see also* Civil Rule 43(a), Rules for the United States Dis-

---

**1.** Mr. Schwartz was Sidney Stein's attorney in connection with this action. *See Weitzman v. Stein,* 70 Civ. 4037 (DNE) (July 11, 1989 Hearing Transcript), at 70–71.

**2.** Because the parties informed the Court that they were pursuing settlement negotiations re-

garding reimbursement of plaintiff's expenses generated by Mr. Schwartz' contemptuous conduct, this action was placed on the Court's suspense calendar until the parties informed this Court in November 1993 that settlement negotiations had not proven fruitful.

trict Courts for the Southern District of New York.

■ In the instant case, the above-stated criteria have been satisfied. First, plaintiff's motion for civil contempt was brought by order to show cause and was duly served on Mr. Schwartz. Thus, Mr. Schwartz had actual notice that he was the defendant in a civil contempt proceeding. In addition, Mr. Schwartz appeared personally and through counsel at the July 11, 1989 hearing, and testified and called witnesses in his defense. Finally, Mr. Schwartz testified that, on June 14, 1989, he received notice that he was the defendant in this civil contempt proceeding. *See Weitzman v. Stein,* 70 Civ. 4037 (DNE) (July 11, 1989 Hearing Transcript), at 78–79.

■ Second, the May 16 Order was clear and unambiguous. The May 16 Order clearly ordered the seizure and sale by the Sheriff of a 1983 Lincoln Towne Car bearing a specified license plate. The May 16 Order also clearly enjoined, *inter alia,* Sidney Stein and his "representatives" from interfering with any part of the May 16 Order, including those provisions of the May 16 Order that directed the seizure and sale of the Lincoln. Mr. Schwartz, Sidney Stein's attorney, clearly was a representative of Mr. Stein.

■ Third, Mr. Schwartz' contemptuous noncompliance with the May 16 Order has been proven by clear and convincing evidence. As an initial matter, it is clear from the record—and Mr. Schwartz has admitted—that he had knowledge of the May 16 Order. *See Weitzman v. Stein,* 70 Civ. 4037 (DNE) (July 11, 1989 Hearing Transcript), at 72, 75–76. Mr. Schwartz was served with a copy of the May 16 Order by the Clerk of the Court; the May 16 Order was discussed on the record during a conference held on June 21, 1988; and Mr. Schwartz acknowledged at the July 11, 1989 hearing that he was aware of the terms of the May 16 Order. Despite the existence of a decretal paragraph in the May 16 Order prohibiting any representative of Sidney Stein from interfering with the provisions of the Order, Mr. Schwartz delivered to the Sheriff a letter that caused the Sheriff not to sell the Lincoln. *See Weitzman v. Stein,* 70 Civ. 4037 (DNE) (July 11, 1989 Hearing Transcript), at 10–13, 26–28, 33–35.

At no time has Mr. Schwartz offered an excuse or justification for the transmittal of this letter to the Sheriff. Moreover, at no time did Mr. Schwartz seek a stay of the May 16 Order. As a result of the delivery of the letter to the Sheriff, the Sheriff terminated a previously established sale of the Lincoln. Had Mr. Schwartz not presented this letter to the Sheriff on May 30, 1988, the sale would have occurred the following day as scheduled.

I find that the presentation of the letter by Mr. Schwartz to the Sheriff obstructed the enforcement of the May 16 Order. Such action was expressly prohibited by the May 16 Order. Accordingly, Mr. Schwartz' conduct constitutes civil contempt. Far from being reasonably diligent or energetic in attempting to accomplish what was ordered, Mr. Schwartz interfered with the accomplishment of the objectives of the May 16 Order.

■ Accordingly, I find that Mr. Schwartz' obstruction of the enforcement of the May 16 Order constitutes civil contempt. I further find, however, that Mr. Schwartz' contemptuous conduct was not deliberate or willful. Mr. Schwartz testified that, at the time he sent the letter to the Sheriff he believed that his actions were "necessary, reasonable, and appropriate." *See Weitzman v. Stein,* 70 Civ. 4037 (DNE) (July 11, 1989 Hearing Transcript), at 75. Mr. Schwartz' actions were neither reasonable nor appropriate, however, and his incompetence and ignorance of relevant legal principles was dismaying.

■ Although plaintiff has presented a claim to this Court for reimbursement of expenses and attorney's fees, I find that such an award would not further the interests of justice or be appropriate in light of the record before this Court. Accordingly, as a penalty for contemnor's conduct, I admonish Barry Schwartz, Esq. on the record for his obstruction of the enforcement of this Court's May 16 Order.

SO ORDERED.