Carole Heller **WEITZMAN, as assignee of Saul Weitzman, Plaintiff–Appellant,**

v.

Sidney **STEIN, Norman Rubinson and Albert Feiffer, Defendants,**

**Barry Schwartz, Esq., Respondent– Appellee.**

**Nos. 145, 603, Dockets 95–7757, 96–7086.**

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1996.

Decided Oct. 24, 1996.

Louis Venezia, New York City (A. Ali Yusaf, on the Brief, Law Offices of Louis Venezia at Union Square, P.C., of counsel), for Plaintiff–Appellant.

Barry S. Schwartz, New York City (Law Office of Barry S. Schwartz, of counsel), Respondent–Appellee, pro se.

Before OAKES and CALABRESI, Circuit Judges, and CONNER, District Judge.*

OAKES, Senior Circuit Judge:

This is the second appeal in Carole Weitzman's quest for damages, attorney fees and other costs incurred as a result of defendants' attorney's contempt of a court order dated May 16, 1988. Weitzman invokes this court's authority under 28 U.S.C. § 1291. We affirm the amount of legal fees calculated thus far, but reverse the denial of fees and costs from the appeal.

In 1978, Saul Weitzman obtained a judgment of the United States District Court for the Southern District of New York against Sidney Stein, and assigned the judgment to his wife, Carole Weitzman. A decade later, but still far from the end of her prolonged effort to enforce the judgment, Weitzman obtained an order to seize a car belonging to Stein. The order stated:

> IT IS HEREBY ORDERED, that Garage Management Corp. shall release to the plaintiff or plaintiff's representatives, the 1983 Lincoln Towne Car bearing Florida License plate number IPE 075 ... and it is further
>
> ORDERED, that Sidney Stein, Gail Rohme and their representatives are prohibited from interfering with any part of this Order, and it is further
>
> ORDERED, that the plaintiff or plaintiff's representatives shall take possession of said motor vehicle and shall arrange for the sale of said motor vehicle by the Sheriff of the City of New York.

Despite the injunction against interfering with the sale, Barry Schwartz, Sidney Stein's attorney, delivered by hand a letter to the sheriff's office stating that the vehicle held for sale did not belong to Sidney Stein, but to his wife Beverly, and that the car subject to seizure was another one. Even though plaintiff's attorney's office was within a few blocks of the sheriff's, Schwartz *mailed* to the lawyers a copy of the letter one day *after* the sale was to have occurred. The letter was dated six days *before* the aborted sale.

---

* Honorable William C. Conner, Senior District Judge, U.S. District Court for the Southern District of New York, sitting by designation.

Based on these facts, the district court found Schwartz in contempt of the order of May 16, 1988. *Weitzman v. Stein*, 859 F.Supp. 740 (S.D.N.Y.1994). Noting Schwartz's admitted failure to seek a stay of the court order, and in light of the troublesome facts just mentioned, we reversed the court's additional finding that Schwartz's contempt was not willful. *Weitzman v. Stein*, Nos. 94–7895(L), 94–7943 (2d Cir. May 8, 1995). On remand, the district court (David N. Edelstein, *Judge* ) determined that Weitzman should be compensated for costs she incurred in prosecuting the contempt in the district court; awarded her $591.75 for costs and $8,737.50 for attorney fees, based upon an hourly rate of $150; but denied her compensation for attorney fees and other costs incurred in the course of the first appeal. *See Weitzman v. Stein*, 891 F.Supp. 927 (S.D.N.Y.), *reconsideration denied*, 908 F.Supp. 187 (S.D.N.Y. 1995). Weitzman challenges the fee and cost calculations as well as the refusal of fees and costs from the appeal.

## DISCUSSION

 Unlike sentences for criminal contempt, which are punitive in nature and intended to vindicate the authority of the court, the sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party. *United States v. United Mine Workers of America*, 330 U.S. 258, 302–04, 67 S.Ct. 677, 700–01, 91 L.Ed. 884 (1947). This court has commented that, "[s]o far as the first of these functions is concerned, the district judge, sitting in equity, is vested with wide discretion in fashioning a remedy." *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979) (citing *United Mine Workers* ). The compensatory goal, by contrast, can only be met by awarding to the plaintiff any proven damages. *See id.* The district court in either case may award appropriate attorney fees and costs to a victim of contempt.

 When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct. *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir. 1986) ("[w]illfulness is a commonly accepted justification for awarding attorney fees."); *In re Federal Facilities Realty Trust*, 227 F.2d 657, 658 (7th Cir.1955) ("[w]illfulness inherent in the contemptuous act is a major consideration in determining whether attorney's fees should be awarded to the opposing party.") (citations omitted). Similarly, in *Vuitton*, this court noted that "it is appropriate for the court … to award the reasonable costs of prosecuting the contempt, including attorney's fees, if the violation of the decree is found to have been willful." 592 F.2d at 130. Thus, while willfulness may not necessarily be a prerequisite to an award of fees and costs,[1] a finding of willfulness strongly supports granting them. Indeed, to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt. We believe this rule is consistent with the principle, discussed above, that the discretion of the district court is more narrowly bounded when seeking to compensate the victim of contempt, and correspondingly broader when it seeks to force prospective compliance with its own order.

 The district court apparently appreciated the importance of willfulness, and gave to Weitzman reasonable fees and costs after we reversed the finding that Stein's contempt was not willful. Yet, the court went on to hold, on alternative grounds, that compensation for the legal costs of the appeal was not appropriate. First, it reasoned that the fees and costs from appellant's first appeal were not attributable to defendant's attorney's wrongful conduct, because the appeal was caused by "this Court's short-sighted view of the law in this circuit," not Schwartz's actions. *Weitzman*, 891 F.Supp. at 935. Second, the district court held that, even if the appeal were caused by the contempt, it was

---

**1.** *Compare King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1063 (2d Cir.1995) ("[i]n order to award fees, the district court had to find that … contempt was willful.") *with Sizzler*, 793 F.2d at 1535 (willfulness is not a necessary prerequisite to an award of fees and costs).

within its discretion to withhold compensation.

The lower court erred on both points. First, the fact that Weitzman was required to pursue an appeal does not mean that her costs were not "caused by" Schwartz's contempt in any relevant sense. Notwithstanding the district court's mistake, none of this would have been necessary if Schwartz had respected the 1988 order. Second, in the face of the strong evidence that Schwartz willfully interfered with a court-ordered sale and this court's previous decision to that effect, it was error to withhold from Weitzman full compensation for her reasonable legal expenses from proceedings in front of both courts. Cf. Schauffler v. United Ass'n of Journeymen & Apprentices of Plumbing, 246 F.2d 867, 870 (3d Cir.1957) ("[district] court may assess costs of litigation in the contempt proceedings regardless of the court in which the expenses were incurred").

The cases relied on by the district court are not to the contrary. Lander v. Morton, 518 F.2d 1084 (D.C.Cir.1975), concerned "excessively delayed compliance" with a court order, not contempt. The court of appeals had previously affirmed the lower court's refusal to find the Secretary of the Interior in contempt of court, so the only issue in that case was whether damages were due for any harm caused by the Secretary's tardy compliance. By contrast, this court has previously affirmed the district court's finding of contempt and held that defendant's attorney willfully violated a court order.

In Nelson v. Steiner, 279 F.2d 944 (7th Cir.1960), government employees unsuccessfully appealed a judgment holding them in contempt. Appellees asked the appeals court to grant them compensation for the additional legal expenses they incurred on appeal. The court noted the amount of fees already awarded by the trial court for costs below, and denied additional compensation without further discussion. The court's action certainly indicated a reluctance to grant appellees additional fees and costs in that case, but the decision did not announce a rule that fees from appeals of judgments of civil contempt should not be taxed to the contemnor. The appeals court appears to have found that the amount of attorney fees already awarded adequately covered all reasonable legal costs, making a remand for more fee calculations unnecessary. In this case, by contrast, the lower court erroneously refused to award fees in the first place.

In any event, Crane v. Gas Screw Happy Pappy, 367 F.2d 771, 775 (7th Cir.1966) (citing Schauffler approvingly), cert. denied sub nom. Borrowdale v. Reuland, 386 U.S. 959, 87 S.Ct. 1029, 18 L.Ed.2d 108 (1967), suggests that Nelson does not apply beyond its facts. In Crane, the circuit court, noting the flagrant and contumacious character of the appellant's defiance of court orders, distinguished Nelson to require payment of appellee's legal expenses from an appeal. With Crane in view, we think that our decision today is in harmony with the law of the Seventh Circuit.

Weitzman also challenges the district court's decision to calculate fees based on an hourly rate of $150, in light of its previous approval of a higher rate for other work related to this case. She claims that the court failed to consider all factors relevant to the amount of the hourly rate and the number of hours reasonably required to prosecute the contempt.

■ As we have repeatedly stated, trial courts enjoy considerable discretion in determining the appropriate amount of attorney fees. King v. Allied Vision, Ltd., 65 F.3d 1051, 1063 (2d Cir.1995); McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir.1993) (citing cases). Here, the district court's discussion of fees, which was based upon both parties' submissions and the court's knowledge of the cost of legal services in New York City, was thoughtful and thorough; its determination will not be disturbed by this court. Likewise, the district court was within its right to reject Weitzman's claim for compensation for the emotional distress she and her husband suffered because of the contempt. The record contains references to expenses, including towing and mechanic fees, which resulted from the aborted sale but are not reflected in any damages awarded thus far. It is error to withhold damages that are supported by the record. See Vuitton, 592 F.2d at 130. Ac-

cordingly, we instruct the district court to take these expenses into consideration and calculate damages. In order to avoid extending this already prolonged litigation, we also direct the district court to grant fees and costs for this second successful appeal.

## CONCLUSION

We affirm the amount of fees already awarded, reverse the denial of costs and attorney fees from the appeal, and remand this case for the district court to calculate the appropriate amount of damages and of costs and fees still due appellant from her appeals.