**NORTH AMERICAN OIL COMPANY, INC., Plaintiff,**

Stanchem, Inc., Non–Party Witness–Appellant,

v.

**STAR BRITE DISTRIBUTING, INC., Defendant–Appellee.**

No. 00–9526.

United States Court of Appeals, Second Circuit.

July 9, 2001.

Jeffrey C. Kestenband, Robinson & Cole LLP, Hartford, CT; James A. Wade, on the brief, for appellant.

Sheila Anne Denton, Pullman & Comley, LLC, Bridgeport, CT; Gerald C. Pia, Jr., on the brief. Berger Singerman, Fort Lauderdale, FL; Leonard K. Samuels and Jeffrey S. Wertman, on the brief. Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd., Philadelphia, PA; Alan H. Bernstein and Robert S. Silver, on the brief, for appellee.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

Non-party witness-appellant StanChem, Inc. ("StanChem") appeals from an order imposing attorneys' fees and costs, entered in the United States District Court for the District of Connecticut (Burns, J.), for StanChem's failure to timely comply with a subpoena duces tecum. This is an ancillary action, related to a patent infringement litigation in the Northern District of Georgia in which North American Oil Co. ("North American") alleges that a patent held by Star Brite Distributing Co. ("Star Brite") is invalid and unenforceable. StanChem is the current supplier of the product that is the subject of the Georgia infringement action.

On June 30, 1999, Star Brite served a subpoena duces tecum upon the records custodian of StanChem to produce documents that, according to Star Brite, were material to the Georgia litigation. One year later, having failed to receive certain of the requested documents, Star Brite commenced an enforcement proceeding in the District of Connecticut, seeking not only production of the documents but also sanctions pursuant to Fed.R.Civ.P. 45(e) for failing to comply with the subpoena. (Star Brite's motion refers to Rule 45(f), but the rule on which it bases its request is Rule 45(e)). StanChem eventually produced the documents (asserting upon production that they had been misfiled), but in the year intervening between the issuance of the subpoena and StanChem's compliance, a number of depositions and re-depositions had been conducted in an effort to establish the documents' existence, and a number of other discovery initiatives were impeded or conducted wastefully because the requested documents had not been produced.

On August 11, 2000, the district court held that "[i]nasmuch as non-party Stan-Chem has represented to [the court] that it has recently discovered the materials subpoenaed over one year ago and has now turned them over to Defendant Star Brite, that portion of the Motion to Compel is DENIED WITHOUT PREJUDICE." With respect to the motion for sanctions, the court found that "Star Brite is indeed entitled to an award of its reasonable legal expenses and costs, including travel expenses, as a result of [StanChem's] failures to fully comply with the July 29, 1999 Subpoena Duces Tecum." After receiving submissions from Star Brite, the court on October 2, 2000 awarded Star Brite $64,596 in costs and fees. The court made no specific findings either as to (i) dilatory tactics or willful flouting of the subpoena on the part of StanChem, or (ii) the basis for the dollar award.

On appeal, StanChem argues that the district court abused its discretion because (i) the court did not make requisite findings of fact, including a finding (which StanChem argues is indispensable) that StanChem acted in bad faith, and (ii) even if Star Brite was entitled to some fees and

costs, the amount awarded was clearly excessive.[*]

■ In this Circuit, "it is imperative that the [district] court explain its sanctions order with care, specificity, and attention to the sources of its power." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997) (internal quotation marks and citation omitted). The district court's order awarding sanctions lacked the "specificity" that our case law requires.

More specifically, StanChem points out that the district court failed to make a finding that it acted willfully, and suggests that bad faith is the equivalent of willfulness. The parties dispute whether a finding of willfulness, however defined, is still required in this Circuit before a court may impose sanctions. *Compare King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1063 (2d Cir. 1995) ("In order to award fees, the district court had to find that [the defendant's] contempt was willful."), *with Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir.1996) ("[W]hile willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them."). Nor did the court determine under Rule 45(e) whether Stan-Chem had an "adequate excuse" for non-compliance with the subpoena.

We decline to resolve the willfulness question at this stage, and the manner, if any, in which that requirement fits into the "adequate excuse" analysis, because (inter alia) it may be mooted if the district court finds on remand that StanChem's behavior

was indeed willful. In any event, a more detailed record may assist review.

We also decline to review the specific amount of attorneys' fees awarded, because the district court did not explain its reasons for awarding Star Brite the full amount it requested, and did so before receiving opposing submissions from Stan-Chem. Even through the standard of review of an award of attorneys' fees is highly deferential to the district court, *see Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir.1999) (quotation omitted), "[a] district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law, or on a clearly erroneous assessment of the evidence." *Raishevich v. Foster*, 247 F.3d 337 (2d Cir.2001) (quotation omitted). Because the district court here imposed attorneys' fees with no explanation, it is impossible for us to determine whether it made a "clearly erroneous assessment of the evidence." StanChem's November 13, 2000 objection to the amount awarded, seeking reconsideration of the October 2, 2000 decision, was at least plausible enough that the district court should have explained why it credited Star Brite's calculations. We therefore also remand the amount of attorneys' fees awarded for more specific findings.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the order awarding costs and fees is VACATED, and that this case be REMANDED the United States District Court for the District of

---

[*] Star Brite also argues that StanChem waived its right to appeal the merits of the August 11 ruling on the motion to compel because it did not appeal from or move to reconsider that decision, which, it claims, was a final judgment. However, the August 11 ruling was not a final judgment, because the district judge had not yet determined the amount of the sanctions, and "a finding of contempt unaccompanied by sanctions is not final."

*Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 18 (2d Cir.1992). Star Brite's other claim—that StanChem waived the right to challenge the specific amount of fees by not objecting below—is also without merit, because the district court issued its October 2 ruling without affording StanChem the opportunity to oppose Star Brite's submissions, which had been made only a few days earlier.

Connecticut for findings as to: (i) the imposition of sanctions, including a finding as to whether StanChem's conduct was willful, and (ii) the basis for the specific amounts of fees and costs awarded.