09-4451-cv (L), 09-4759-cv (xap)
Utica Coll. v. Gordon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of August, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

------------------------------------------------------------------------------------

UTICA COLLEGE,
*Plaintiff-Appellee-Cross-Appellant*,

v.                                                                Nos.   09-4451-cv (L)
                                                                         09-4759-cv (xap)

GARY R. GORDON,
*Defendant-Appellant-Cross-Appellee*,

JUDITH GORDON,
*Defendant.*[*]

------------------------------------------------------------------------------------

---

[*] As Gary Gordon was the only party held in contempt by the district court and the only party named in the notice of appeal as appealing the district court's judgment, he is the only appellant in this matter. Accordingly, the clerk of court is directed to amend the official caption to read as shown above.

APPEARING FOR APPELLANT-
CROSS-APPELLEE:

MATTHEW BRYANT (Paul Kemnitzer, *on the brief*), Ohrenstein & Brown, LLP, Garden City, New York.

APPEARING FOR APPELLEE-
CROSS-APPELLANT:

DANIEL BURGESS (J.K. Hage III, *on the brief*), Hage & Hage, LLC, Utica, New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 16, 2009, is AFFIRMED.

Plaintiff Utica College and defendant Gary Gordon resolved litigation arising from the termination of Gordon's employment as a visiting professor of economic crime management and executive director of the Center for Identity Management and Information Protection ("CIMIP") by entering into a consent judgment that, inter alia, prohibited Gordon from possessing a range of materials created, produced, received, or maintained by him in the course of his employment. When Gordon thereafter publicly presented the findings of a report he had worked on during his Utica College employment, the college moved pursuant to Fed. R. Civ. P. 70 to hold him in contempt. Both parties now appeal from different parts of the district court's contempt judgment, which we review for abuse of discretion. See United States v. Chusid, 372 F.3d 113, 117 (2d Cir. 2004). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.     <u>Gordon's Appeal</u>

    a.     <u>Gordon's Challenge to the Contempt Finding</u>

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" <u>Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 655 (2d Cir. 2004) (quoting <u>King v. Allied Vision, Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995)).

Gordon submits that the May 9, 2008 consent judgment did not clearly and unambiguously preclude him from receiving copies of the October 2007 Identity Fraud Trends and Patterns report and related PowerPoint slides and presenting them at a meeting hosted by the Department of Homeland Security. <u>See</u> <u>King v. Allied Vision, Ltd.</u>, 65 F.3d at 1058 ("A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed." (internal quotation marks omitted)). Gordon does not dispute that the consent judgment clearly required him to deliver to Utica College "all documents," including the report and slides, which "were created, produced, received, or maintained by" him or his wife in the course of their employment "without retaining any copies of the Items." Consent Judgment ¶ 2. Nor does Gordon dispute that the judgment clearly enjoined him "from otherwise transferring, assigning, maintaining, damaging, possessing, or otherwise doing anything" with such items "that is inconsistent with this Order." <u>Id.</u> Rather, Gordon

3

maintains that the consent judgment simply did not address <u>copies</u> of the documents he produced that were possessed by CIMIP's former partners, including LexisNexis Special Services, Inc., the entity from whom Gordon received the challenged report; much less did it expressly bar him from "receiving" or "using" any such copies. <u>See generally</u> <u>Perez v. Danbury Hosp.</u>, 347 F.3d 419, 424 (2d Cir. 2003) (stating that courts "may not impose supplementary obligations on the parties" to consent judgment "even to fulfill the purposes of the decree more effectively").

We are not persuaded. The consent judgment may not have altered the rights of CIMIP's former partners – who were not parties to the settled litigation – to possess and use the report at issue. But that does not absolve Gordon from his clear agreement neither to possess nor to retain any copies of the challenged report or PowerPoint slides. Gordon submits that this obligation pertains only to those tangible copies of documents that he possessed at the time of his termination. The plain language of the consent judgment is to the contrary. It "permanently enjoin[s]" Gordon from "possessing" "all documents" created by him in the course of his employment with plaintiff, not particular copies thereof. Consent Judgment ¶ 2. Thus, we agree with the district court that however Gordon came to receive the challenged report or PowerPoint slides, his possession was a violation of the clear terms of the consent judgment. <u>See, e.g.</u>, <u>Webster's Third New International Dictionary of the English Language Unabridged</u> 1894 (1986) (defining "receive" as "to take possession or delivery of"). That Gordon was the principal investigator on the report and slides raises no

4

"fair ground of doubt as to the wrongfulness of [his] conduct" in procuring a report that the consent judgment permanently enjoined him from possessing. King v. Allied Vision, Ltd., 65 F.3d at 1058 (internal quotation marks omitted).

Gordon asserts that even if Utica College proved that he violated the consent judgment, it failed to demonstrate that he did so willfully or in bad faith. No such showing is required. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949) ("The absence of wilfulness does not relieve from civil contempt."); Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d at 655. Further, Gordon's argument that he "diligently attempted to comply in a reasonable manner" by returning tangible copies of any documents to Utica College, Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d at 655, establishes only that he complied with the consent judgment's delivery obligation, not with its separate prohibition on any possession.

To the extent Utica College argues that the consent judgment means Gordon can never again use or possess a copy of a publicly available report that he wrote while employed by Utica College, effectively preventing him from consulting the data in that report in his ongoing academic research, we do not consider whether such an agreement raises public policy concerns as Gordon makes no such challenge. In any event, Gordon was not held in contempt for possessing only the report. Gordon also used and displayed a copyrighted PowerPoint presentation that Utica College clearly may protect. Of course, if Gordon

5

believes that there are policy or other grounds for modifying or voiding the consent judgment, particularly as it pertains to a report available to the public, his remedy is to present those grounds to the district court, not to defy the judgment. Cf. Barcia v. Sitkin, 367 F.3d 87, 98-99 (2d Cir. 2004) (discussing standard for applications to modify consent judgments pursuant to Fed. R. Civ. P. 60).

Accordingly, we cannot conclude that the district court abused its discretion in holding Gordon in contempt of the consent judgment.

b.    Gordon's Cross-Motion for Attorney's Fees

Gordon contends that the district court abused its discretion in denying his cross-motion for attorney's fees under 17 U.S.C. § 505, which states that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party" and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Gordon points to no authority, however, permitting us to construe a Fed. R. Civ. P. 70 contempt motion as a civil action under the Copyright Act simply because, in support of its motion, Utica College submitted an affidavit from its president referring to Gordon's presentation of the 2007 report as copyright infringement.[1] Even

---

[1] The district court understood Gordon's cross-motion for attorney's fees to challenge Utica College's copyright registration, not any assertion of copyright damages in the contempt motion. We need not decide whether this was error because, in any event, we conclude that Gordon is not entitled to attorney's fees under § 505. See Doninger v. Niehoff, 527 F.3d 41, 50 n.2 (2d Cir. 2008) (permitting affirmance on any ground appearing in record).

6

assuming the possibility of such a construction, Gordon's argument fails because he is not a "prevailing party." The district court entered judgment for Utica College and awarded it $1 in compensatory damages. See Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 102 (2d Cir. 2009) ("[A] 'prevailing party' is one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001))); Black's Law Dictionary 1232 (9th ed. 2009) (defining "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded"). Accordingly, we identify no abuse of discretion in the district court's denial of Gordon's cross-motion.[2]

2.      Utica College's Cross-Appeal

Utica College cross-appeals from the district court's damages award, which the college challenges as too low, and from its denial of the college's motion for appointment of a third-party monitor to ensure Gordon's compliance with the consent judgment. "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United States v. United Mine Workers of Am., 330 U.S. 258, 303 (1947); accord FTC v. Verity Int'l, Ltd., 443 F.3d 48, 70 (2d Cir. 2006). The district court has "wide discretion" with respect to the former purpose. Vuitton

_____

[2] Like the district court, we express no view as to the validity of Utica College's copyright registration or of any argument that Gordon's conduct might have infringed that copyright.

7

et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir. 1979).  But "some proof of loss must be present to justify" the latter.  New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989); see also Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996) ("The compensatory goal, by contrast, can only be met by awarding to the plaintiff any proven damages." (emphasis added)).  Our review of the record confirms that the district court correctly awarded only nominal compensatory damages because the challenged report was available to the public and subject to the federal government's royalty-free, unlimited license for any federal purpose.[3]  Moreover, the fact that Utica College has not been able to articulate any legitimate rationale for the prohibition that was violated by Gordon further supports the district court's conclusion that Utica College is entitled to only nominal monetary damages for Gordon's breach.  Further, even assuming that Fed. R. Civ. P. 70(a) permitted the district court to appoint a third party not to perform any specific act mandated by the consent judgment, but rather to investigate the extent of Gordon's noncompliance, we identify no abuse of discretion in the district court's decision that such an appointment was not warranted here.  Accordingly, we decline the college's invitation to remand the case for

_____

[3] Because Gordon does not challenge that part of the district court's order directing the entire sanction to be paid to Utica College, we need not decide how much of the additional $2,500 awarded was intended to compensate for reasonable attorney's fees and how much was to coerce future obedience.  See New York State Nat'l Org. for Women v. Terry, 886 F.2d at 1353-54 (holding that coercive sanctions should be paid to court and modifying contempt order accordingly); accord King v. Allied Vision, Ltd., 65 F.3d at 1062-63.

8

a further damages hearing.[4]

We have considered the parties' other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, compels no different conclusion. There, the district court did not permit plaintiff to prove contempt damages because the court incorrectly held that the injunction did not bind defendants in the absence of service of process. See id. at 128-29. Thus, in remanding, we observed that plaintiff "should be afforded an opportunity to prove its damages" if defendants were held in contempt. Id. at 131. By contrast, in this case, the district court found contempt and afforded Utica College an opportunity to prove damages, which it failed to do. Under these circumstances, we need not remand to give Utica College a second chance to prove damages.