1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June, two thousand twenty.

Present:       ROSEMARY S. POOLER,
               REENA RAGGI,
               WILLIAM J. NARDINI,
                         *Circuit Judges*.

_____

1199 SEIU UNITED HEALTHCARE WORKERS EAST,

                         *Petitioner-Appellee*,

               v.

ALARIS HEALTH AT HAMILTON PARK AND
CONFIDENCE MANAGEMENT SYSTEMS, LLC,

                         *Respondents-Appellants*,                    19-1560-cv
and

ATRIUM AT HAMILTON PARK,

                         *Intervenor-Defendant-Appellant*.

_____

Appearing for Appellant:       Katherine H. Hansen, Gladstein, Reif & Meginniss, LLP (Kent Y. Hirozawa, *on the brief*), New York, N.Y.

Appearing for Appellee:        David F. Jasinski, Jasinski, P.C. (Jennifer C. Van Syckle, *on the brief*), Newark, N.J.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

          **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

       Alaris Health at Hamilton Park, Confidence Management Systems, LLC ("CMS"), and Atrium at Hamilton Park (together, "Appellants") appeal from the May 16, June 20, and June 24, 2019 final orders of the United States District Court for the Southern District of New York (Rakoff, *J.*), holding Alaris and CMS in contempt for their failure to comply with a confirmed arbitration award, and awarding 1199 SEIU United Healthcare Workers East ("Union") attorneys' fees as a contempt sanction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

       The power to punish parties for contempt is inherent in all courts, and "[a] sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil" in nature. *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Orders of contempt are reviewed for abuse of discretion. *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 93 (2d Cir. 2006). However, "because the power of a district court to impose contempt liability is carefully limited, our review of a contempt order for abuse of discretion is more rigorous than would be the case in other situations in which abuse-of-discretion review is conducted." *Id.* (internal quotation marks and citation omitted).

       A court may hold a party in contempt if the court determines that "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). The latter purpose is "met by awarding to the plaintiff any proven damages," including "appropriate attorney fees and costs to a victim of contempt." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). Independent of the contempt regime, a district court may also assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). *Id.* at 45-46.

       The district court did not abuse its discretion in sanctioning Alaris and CMS for contempt. The district court's confirmation order was not ambiguous, and Appellants did not suggest that it was until two and a half months after that order was issued, when the Union moved for contempt. In any event, the district court clarified Appellants' obligations under the confirmed award in its January 29, 2019 order. Even assuming the district court's confirmation order was ambiguous as to what was required by the arbitration award, the district court's subsequent orders, including the January 29, 2019, were patently clear, and it took months for Appellants to comply.

       Appellants also argue that the court improperly resolved certain wage-related disputes, because the parties' collective bargaining agreement makes arbitration the exclusive remedy for

settling disputes about express terms or conditions of the agreement, and because the arbitration award directed that disputes over past damages be adjudicated in an arbitration proceeding. As to the collective bargaining agreement, that agreement's exclusive remedy provision explicitly exempts actions, like the Union's action here, to "enforce, vacate or modify awards." App'x 520. As to the arbitration award's direction, Appellants did not dispute the appropriate wage rates until months after the district court ordered Appellants to pay employees at those rates. Thus, the district court properly concluded that any objection to the rates was waived. Moreover, the dispute concerned not only the employees' past damages, but the appropriate relief for these employees on a going-forward basis. Accordingly, the court did not exceed his authority in addressing the wage disputes.

Nor do we find the sanction imposed improperly punitive. Appellants contend that the court did not impose the sanction for a proper coercive or compensatory purpose, but instead merely because Appellants took too long to comply with its orders. To the contrary, months before it issued its contempt finding and fee award the district court made clear that that it planned to consider the Union's request for attorneys' fees:

> As a final point, the Union has indicated that it would like to move for an award of attorneys' fees in connection with its prosecution of the instant sanctions motions. Although a motion for attorneys' fees would be far from frivolous in these circumstances, the Court declines to entertain the request at this time. Not only are the document-production issues arising out of the Court's September 16 Order still unresolved, but the Union has also indicated that respondents may (still) be violating the Court's August 31 Order. As such, to avoid serial requests for attorneys' fees, the Court will reserve the issue for now, without prejudice to the Union renewing it at a later date.

App'x at 71-72.

"Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *F.T.C. v. Verity Int'l, Ltd.*, 443 F.3d 48, 70 (2d Cir. 2006) (internal quotation marks omitted). The sanctions imposed here were proper for both purposes. After exhibiting considerable patience, the district court imposed a series of escalating sanctions designed to compel compliance with its orders. That is the definition of a coercive sanction. Subsequently, the district court ensured that the sanctions also served a compensatory purpose by ordering that they be paid to the opposing party (rather than to the court) to offset fees incurred in seeking compliance. That is a classic compensatory sanction. The $100,000 award — half of what the Union requested, and a third of the tab for the coercive sanctions initially imposed — was entirely within the bounds of the district court's discretion.

Finally, Appellants argue in their reply brief that a compensatory contempt sanction cannot be awarded in the absence of a finding of willfulness. We need not address this argument because "[i]ssues raised for the first time in a reply brief are generally deemed waived." *Conn.*

3

*Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010). In any event, we have stated previously that "willfulness may not necessarily be a prerequisite to an award of attorneys' fees and costs" for contempt, although such a finding "strongly supports granting them." *Weitzman*, 98 F.3d at 719.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk