20-1332-cv
*M. Harvey Rephen & Associates, P.C. v. Chase Bank USA, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

Present:

> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

M. HARVEY REPHEN & ASSOCIATES, P.C.,

> *Respondent-Appellant*,

> v.                                                                 No. 20-1332-cv

CHASE BANK USA, N.A.

> *Movant-Appellee.*

---

| | |
|---|---|
| For Respondent-Appellant: | Edward B. Geller, Edward B. Geller, Esq., P.C., Bronx, NY. |
| For Movant-Appellee: | Christina G. Sarchio, Amisha R. Patel, Dechert LLP, Washington, D.C.; Selby P. Brown, Dechert LLP, Philadelphia, PA. |

1

Appeal from an order of the United States District Court for the Southern District of New York (Gregory H. Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on April 20, 2020, is **AFFIRMED**.

This case concerns two orders from the Southern District of New York entered on August 16, 2019, and April 20, 2020, holding Respondent-Appellant M. Harvey Rephen & Associates, P.C. ("Rephen & Associates") in contempt for failing to comply with a prior order requiring Rephen & Associates to comply with a subpoena issued by Movant-Appellee Chase Bank USA, N.A. ("Chase Bank") and requiring Rephen & Associates to pay attorneys' fees. Rephen & Associates represented a client suing Chase Bank for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, in the United States District Court for the District of New Jersey, No. 3:18-cv-09776-PGS-DEA. During that case, Chase Bank became concerned that Rephen & Associates had manufactured the TCPA claim against Chase Bank, and Chase Bank requested discovery of certain documents held by Rephen & Associates relevant to Chase Bank's defense of unclean hands. Rephen & Associates repeatedly refused to comply with Chase Bank's subpoena, and Chase Bank initiated this miscellaneous proceeding to enforce compliance against Rephen & Associates in the Southern District of New York. The district court below ordered Rephen & Associates to comply with the subpoena and held Rephen & Associates in contempt when it continuously failed to do so. Subsequently, the district court also awarded Chase Bank attorneys' fees and costs totaling $231,441.00. Rephen & Associates now appeals the April 20, 2020, order of the district court awarding attorneys' fees and costs to Chase Bank. We assume the reader's familiarity with the record.

## I.       The District Court's Contempt Order

This Court reviews a district court's contempt order for abuse of discretion. "[B]ecause the power of a district court to impose contempt liability is carefully limited, our review of a contempt order for abuse-of-discretion is more rigorous than would be the case in other situations in which abuse of discretion review is conducted." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (alteration in original) (quoting *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996)). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *Id.* (internal citation omitted). "It need not be established that the violation was willful." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal citation omitted).

The district court did not abuse its discretion in holding Rephen & Associates in contempt. The district court's order was unambiguous and set a clear timeline for Rephen & Associates to provide the requested documents and deposition. The district court's order required Rephen & Associates to provide Chase Bank with the requested documents by July 23, 2019, and to produce a corporate representative for a deposition by July 30, 2019. Proof of noncompliance is clear because Rephen & Associates did neither; instead, Rephen & Associates claimed that it was unable to do so because its principal and sole employee was residing in Israel without access to the requested documents. Lastly, Rephen & Associates cannot argue that it has diligently attempted to comply in a reasonable manner, given that it failed to pursue any of the avenues for compliance that the district court suggested, such as appointing someone to produce the requested documents and sit for the deposition. Accordingly, the district court did not abuse its discretion in holding Rephen & Associates in contempt.

## II. The District Court's Award of Attorneys' Fees

"This Court reviews an 'award of attorney's fees for abuse of discretion, which occurs when (1) [the court's] decision rests on an error of law . . . or clearly erroneous factual finding, or (2) its decision cannot be located within the range of permissible decisions.'" *FilmOn.com*, 814 F.3d at 104 (alteration in original) (quoting *McDaniel v. Cnty. of Schenactady*, 595 F.3d 411, 416 (2d Cir. 2010)).

In determining whether to award attorneys' fees to compensate a plaintiff, we consider whether the defendant's actions were willful. "[W]hile willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them. Indeed, to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (footnote omitted). "[Willfulness] merely requires 'a specific intent to consciously disregard an order of the court.'" *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998) (quoting *United States v. Cutler*, 58 F.3d 825, 837 (2d Cir. 1995)). "The burden of proving 'plainly and unmistakably' that compliance [with the court's order] is impossible rests with the contemnor." *In re Marc Rich & Co., A.G.*, 736 F.2d 864, 866 (2d Cir. 1984) (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984)). "The court is not required to credit the alleged contemnor's denials if it finds them to be 'incredible in context[.]'" *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (quoting *Maggio v. Zeitz*, 333 U.S. 56, 76 (1948)).

The district court did not abuse its discretion in awarding attorneys' fees to Chase Bank. Rephen & Associates demonstrated its intent to consciously disregard the district court's order by doing absolutely nothing to comply with the subpoena even though it could have designated another representative to produce the requested documents and sit for the deposition. Perhaps most

4

egregiously, Rephen & Associates fired its office manager—its only employee besides the principal M. Harvey Rephen—days after the district court ordered compliance with the subpoena. Rephen & Associates had the burden of proving that complying with the subpoena was impossible. *See In re Marc Rich & Co., A.G.*, 736 F.2d at 866. The district court did not clearly err in refusing to credit Rephen & Associates assertions to that effect.

Rephen & Associates also challenge the amount of attorneys' fees awarded to Chase Bank. District courts have "considerable discretion" in determining the appropriate amount of attorneys' fees. *Weitzman*, 98 F.3d at 720. When a district court's discussion regarding attorneys' fees is "thoughtful and thorough . . . its determination [should] not be disturbed by this court." *Weitzman*, 98 F.3d at 720.

The district court did not abuse its discretion in awarding $231,441.00 in attorneys' fees and costs to Chase Bank. The district court considered the experience and background of Chase Bank's attorneys from Dechert LLP, reviewed the detailed timekeeping records provided by the attorneys working on the case, and found that the total fee was reasonable. We will not disturb the district court's thoughtful and thorough determination on this point.

We note that Chase Bank has moved to dismiss the appeal and strike Rephen & Associates' brief for failure to comply with Federal Rule of Appellate Procedure 28. Although we agree that Rephen & Associates' filings have been seriously deficient, we do not choose to impose the extreme sanction of dismissal in this case. Instead, we direct that Chase Bank's costs incurred in preparing the supplemental appendix – a task that was necessitated by Rephen & Associates' grossly inadequate preparation of the appendix – be taxed to Rephen & Associates under Federal Rule of Appellate Procedure 30(b)(2). Chase Bank is directed to file a statement of costs with the Clerk of Court within fourteen days of entry of this order.

We have considered Rephen & Associates' remaining arguments on appeal and have found in them no grounds for reversal.

*     *     *

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk