20-2458-cv
*A Royal Flush, Inc. v. Arias*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

A ROYAL FLUSH, INC.,

> *Plaintiff-Third-Party-*
> *Defendant-Counter-*
> *Defendant-Appellant*,

TIBBETTS, KEATING & BUTLER, LLC, TIMOTHY F. BUTLER,
> *Third-Party-Defendants*,

> v.                                                            20-2458-cv

ANIR ARIAS,

> *Defendant-Third-Party-*
> *Plaintiff-Counter-Claimant-*
> *Appellee*.

_____

1

For Plaintiff-Counter-Defendant-Appellant:  THOMAS B. NOONAN, Butler Tibbetts, LLC, Darien, CT

For Defendant-Third-Party-Plaintiff-Counter-Claimant-Appellee:  PAUL W. VERNER, Verner Simon, New York, NY

Appeal from an order of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant A Royal Flush, Inc. ("ARF") appeals from a July 2, 2020 order of the United States District Court for the District of Connecticut (Bolden, *J.*) granting its motion to enforce the stipulated judgment in this action against Appellee Anir Arias ("Arias"). The district court found that Arias violated the provision of the stipulated judgment requiring him to submit to ARF quarterly statements attesting to his compliance. Accordingly, the district court found Arias in contempt of the stipulated judgment and required him to pay ARF $1,500.00 as a sanction. Although the district court also noted that Arias worked for ARF competitor United Site Services ("USS") in a geographic area prohibited by the stipulated judgment, it found that Arias did not willfully violate the stipulated judgment and declined to award ARF attorneys' fees and costs. On appeal, ARF argues that the district court abused its discretion by: (1) declining to find that Arias willfully violated the stipulated judgment; (2) requiring Arias to pay only a $1,500.00 sanction and declining otherwise to order appropriate relief; (3) declining to hold an evidentiary hearing; and (4) declining to award ARF costs and fees. Arias does not contest the district court's contempt finding and argues that the $1,500.00 sanction amount was sufficient under the circumstances. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A. The Contempt Order and Sanctions**

ARF argues that the district court abused its discretion in finding that Arias did not willfully violate the stipulated judgment by working for USS in Connecticut. We review a district court's contempt order for abuse of discretion. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). For contempt sanctions to be imposed, "[i]t need not be established that the violation was willful." *Id.* But "[a] finding that a condemnor's misconduct was willful strongly supports granting attorney's fees and costs to the party prosecuting the contempt." *N.Y. State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 96 (2d Cir. 1998). "Willfulness merely requires a specific intent to consciously disregard an order of the court." *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998) (internal quotation marks omitted).

Here, the district court found that Arias's decision to return to Connecticut "reflect[ed] an unfortunate and forced circumstance, rather than a willful disregard of the Stipulated Judgment." App'x at 24. This conclusion finds support in the record. The former CEO of USS testified at the preliminary injunction hearing that Arias did not and would not work within ARF's geographic areas of operation at least until July 2020. Arias entered into the stipulated judgment in part based on that representation and did not work within ARF's geographic areas of operation for most of 2019. But after the composition of USS's executive board changed, Arias's supervisors instructed him to work in Connecticut, and Arias began to work in Connecticut in either August or September 2019. In light of these undisputed facts, the district court reasonably found that USS "no longer gave [Arias] the option of working routes not in conflict with the Stipulated Judgment." App'x at 24. We accordingly discern no abuse of discretion in the district court's

3

conclusion that Arias did not willfully violate the stipulated judgment, and we decline to remand on that ground.

ARF also argues that the district court abused its discretion in requiring Arias to pay only a $1,500.00 fine and in failing to order other appropriate relief. Generally, "sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any [past] harm [] noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989). "The ultimate consideration is whether the coercive sanction . . . is reasonable in relation to the facts," which we typically leave to the informed discretion of the district court. *Id.* "The compensatory goal, by contrast, can only be met by awarding to the plaintiff any proven damages." *Weitzman*, 98 F.3d at 719. Where a fine is both coercive and compensatory, "some proof of loss must be present to justify its compensatory aspects." *Paramedics Electromedicina*, 369 F.3d at 658 (internal quotation marks omitted).

Here, the fine the district court imposed was both coercive and compensatory, as the district court required that Arias pay it directly to ARF. *See id.* Although ARF contends that the value of the stipulated judgment was "worth well in excess of $1,500," Appellant's Br. at 17, there is little proof in the record that ARF incurred any more than $1,500.00 in harm. The district court therefore appropriately required Arias to pay ARF $1,500.00—an amount ARF deemed sufficient to compensate for its damages at the time it entered into the stipulated judgment. This amount was likewise "reasonable in relation to the facts." *Terry*, 886 F.2d at 1353.

4

To the extent ARF argues that the district court abused its discretion in failing to order other appropriate relief, we disagree. The district court expressly considered and rejected alternative means of enforcement at its disposal,[1] instead opting to require that Arias pay $1,500.00 as a sanction. Rule 70 of the Federal Rules of Civil Procedure, under which ARF sought relief, explicitly allows a district court to enforce a judgment by "hold[ing] the disobedient party in contempt" and accordingly requiring the party to pay sanctions. FED. R. CIV. P. 70(e). We therefore conclude that the district court acted within its discretion in requiring Arias to pay ARF $1,500.00 as a sanction for his noncompliance with the stipulated judgment and in declining to order other relief.

**B. Evidentiary Hearing**

ARF next contends that the district court abused its discretion because it did not hold an evidentiary hearing. We review a district court's decision declining to hold an evidentiary hearing for abuse of discretion. *See CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 467 (2d Cir. 2018). "Ordinarily, a hearing is required before a court may award civil contempt sanctions." *N.Y. State Nat'l Org. for Women v. Terry*, 697 F. Supp. 1324, 1330 n.6 (S.D.N.Y. 1988). No hearing is required, however, where there are no material facts in dispute and the parties decline to request one. *See id.*; *cf. United States v. City of Yonkers*, 856 F.2d 444, 452–53 (2d Cir. 1988), *rev'd on other grounds*, *Spallone v. United States*, 493 U.S. 265 (1990) (noting that "[n]one of the four contemnors sought the opportunity that was afforded them of pursuing an evidentiary hearing" and "[t]here were no factual issues to be resolved."). Here, the

---

[1] Namely, the district court denied ARF's request to extend the restrictive covenant for an additional two-year term.

key allegations of contempt were not in dispute and neither party requested a hearing.[2] We therefore conclude that the district court acted within its discretion in declining to hold an evidentiary hearing.

## C. Attorneys' Fees and Costs

Last, ARF argues that the district court abused its discretion in declining to award costs and attorneys' fees. We review a district court's decision granting or denying an award of attorneys' fees for abuse of discretion. *See CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 104 (2d Cir. 2016). Whether the district court provides for a sanction to coerce compliance or to remedy past noncompliance, the district court "may award appropriate attorney fees and costs to a victim of contempt." *Weitzman*, 98 F.3d at 719. As noted above, "while willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them." *Id.* (footnote omitted). Having determined that the district court acted within its discretion in concluding that Arias did not willfully violate the stipulated judgment, and as ARF points to no additional compelling factor indicating that the imposition of fees and costs was otherwise warranted here, we discern no abuse of discretion in the district court's decision not to award ARF attorneys' fees or costs.

\* \* \*

---

[2] Indeed, in its memorandum in support of its motion, ARF suggested that the district court could render its decision on the papers based on the proof it had submitted and Arias's "failure to submit sworn statements attesting to the fact that he is complying with the Stipulated Judgment." Supp. App'x at 5.

6

We have considered ARF's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk