20-4067-br
*In re: DiBattista*

# United States Court of Appeals
# For the Second Circuit

August Term 2021

Argued: September 8, 2021
Decided: May 17, 2022

No. 20-4067-bk

IN RE: BRET S. DIBATTISTA,
*Debtor.*

LAW OFFICES OF FRANCIS J. O'REILLY, ESQ.,

*Appellant,*

*v.*

SELENE FINANCE, L.P.,

*Appellee.*

Appeal from the United States District Court
for the Southern District of New York
No. 20-cv-4620, Philip M. Halpern, *Judge.*

Before: JACOBS, LOHIER, and SULLIVAN, *Circuit Judges.*

Appellant, a law firm, challenges an order of the Southern District of New York (Halpern, *J.*) affirming the bankruptcy court's denial of the firm's request for appellate attorneys' fees. The bankruptcy court determined that it lacked the authority to award appellate attorneys' fees, and the district court agreed. On appeal, we hold that a bankruptcy court's traditional power to impose contempt sanctions carries with it the authority to award damages and attorneys' fees – including appellate attorneys' fees. We therefore vacate the order of the district court with instructions to remand to the bankruptcy court to consider whether appellate fees ought to be awarded.

VACATED AND REMANDED.

CARLOS J. CUEVAS, Yonkers, NY, *for Appellant*.

MICHEL LEE, Knuckles, Komosinski & Manfro, LLP, Elmsford, NY, *for Appellee*.

RICHARD J. SULLIVAN, *Circuit Judge*:

This case concerns the authority of a bankruptcy court to award attorneys'

fees incurred during the appeal of the bankruptcy court's contempt order. The

Appellant here – the Law Offices of Francis J. O'Reilly, Esq. ("O'Reilly") –

challenges a November 25, 2020 order entered in the United States District Court

for the Southern District of New York (Halpern, *J.*) affirming the bankruptcy

court's denial of O'Reilly's request for appellate attorneys' fees from Contemnor-

Appellee Selene Finance, L.P. ("Selene"). The bankruptcy court denied O'Reilly's

request for appellate fees because it concluded that it lacked the authority to award

such fees. The district court agreed, reasoning that a bankruptcy judge is not

empowered to award legal fees incurred in connection with an appeal to the district court. We disagree. A bankruptcy court has the power to impose contempt sanctions, which traditionally includes the authority to award damages and attorneys' fees. This authority carries with it the ability to award appellate attorneys' fees.

Accordingly, for the reasons set forth below, we VACATE the district court's judgment with instructions to remand to the bankruptcy court to consider whether appellate fees ought to be awarded.

## I.   BACKGROUND

On July 24, 2009, Bret S. DiBattista filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. A few months later, the bankruptcy court entered a discharge order releasing DiBattista from liability for most of his prebankruptcy debts, including his mortgage. Such an order operates as an injunction, "bar[ring] creditors from attempting to collect any debt covered by the order." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (citing 11 U.S.C. § 524(a)(2)). Despite the court's order, Selene, the servicer of DiBattista's mortgage, attempted to collect on DiBattista's delinquent mortgage payments, making dozens of phone calls and apparently reporting his delinquency to credit agencies.

3

In 2019, DiBattista, represented by O'Reilly, filed a motion in the bankruptcy court to reopen the proceedings, and the bankruptcy court granted his request. DiBattista then filed a motion for contempt sanctions against Selene, which the bankruptcy court also granted. The court based its decision on Selene's "absolutely egregious" credit-reporting behavior, along with the "embarrassment, stress, and anxiety" Selene caused as it "hounded" DiBattista and his family with more than thirty collections calls. J. App'x at 53–54. Finding Selene in contempt for "repeatedly and willfully" violating the discharge order, the bankruptcy court awarded DiBattista $9,046.60 in legal fees and expenses, as well as $17,500.00 in damages for Selene's attempts to collect on a discharged debt and for false credit reporting tied to those collection efforts. J. App'x at 58–59.

Selene then appealed the bankruptcy court's decision to the district court. The district court affirmed the bankruptcy court's determination that Selene had violated the discharge order. But the district court also noted inconsistencies in the bankruptcy court's description of the award of $17,500 in damages; the bankruptcy court at least once referred to these as "punitive damages" and once characterized them as "actual damages." J. App'x at 77–78; *see id.* at 124, 58–59. In

4

light of this discrepancy, the district court vacated the award of $17,500 and remanded the case for clarification on that point.

On remand, the bankruptcy court reinstated its $17,500 award, clarifying that the sum represented compensatory damages. O'Reilly thereafter requested that the bankruptcy court further award attorneys' fees totaling $28,215 for the firm's appellate work in the district court. The bankruptcy court denied the requested fees, reasoning as follows:

> Appeal is a legal avenue for any losing party to pursue, and it's not a violation of the discharge order. And a party is not in contempt for choosing to take an appeal. If [O'Reilly] wanted fees, [it] needed to ask Judge Seibel for fees for that proceeding.

J. App'x at 138. Soon after, O'Reilly appealed to the district court, arguing that the bankruptcy court had erroneously concluded that it lacked the authority to award attorneys' fees for litigation services provided during the first appeal to the district court. The district court affirmed the bankruptcy court's ruling, concluding that a "bankruptcy judge has simply not been empowered by Congress to award legal fees incurred in connection with an appeal to the district court." J. App'x at 151.

O'Reilly timely appealed.

5

## II.    STANDARD OF REVIEW

"[A]n order of the district court functioning in its capacity as an appellate court in a bankruptcy case is subject to plenary review." *Jackson v. Novak* (*In re Jackson*), 593 F.3d 171, 176 (2d Cir. 2010).  In other words, we independently review the bankruptcy court's decision, "accepting the bankruptcy court's factual findings unless they are clearly erroneous[] and reviewing its conclusions of law *de novo*." *Id.*  A bankruptcy court's decision on sanctions is reviewed for abuse of discretion. *See Solow v. Kalikow* (*In re Kalikow*), 602 F.3d 82, 91 (2d Cir. 2010).  The bankruptcy court "necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

## III.    DISCUSSION

Two Bankruptcy Code provisions bear on the bankruptcy court's authority to award attorneys' fees.  The first, section 524, directs that a bankruptcy discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt.  11 U.S.C. § 524(a)(2).  The second, section 105, empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or

6

appropriate to carry out the provisions of this title." *Id.* § 105(a). These provisions "bring with them the old soil that has long governed how courts enforce injunctions." *Taggart*, 139 S. Ct. at 1801 (internal quotation marks omitted). Taken together, "these provisions authorize a court to impose civil contempt sanctions." *Id.* "Under traditional principles of equity practice," courts impose contempt sanctions to (1) "coerce [a] defendant into compliance with an injunction" or (2) "compensate [a] complainant for losses stemming from [a] defendant's noncompliance with an injunction." *Id.* (internal quotation marks omitted).

It is well settled that a bankruptcy court may compensate a debtor for a creditor's violation of its discharge order. *See, e.g.*, *Anderson v. Credit One Bank (In re Anderson)*, 884 F.3d 382, 391 (2d Cir. 2018) ("We have previously observed that the statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders." (internal quotation marks and alteration omitted)); *MBNA Am. Bank v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006) (noting the "undisputed power of a bankruptcy court to enforce its own orders" (internal quotation marks omitted)). "Consistent with this determination, bankruptcy courts across the country have appropriately used their statutory contempt power to order monetary relief, in the form of actual

7

damages[] [and] attorney fees . . . when creditors have engaged in conduct that violates § 524." *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 445 (1st Cir. 2000).

Here, the bankruptcy court nonetheless determined that it lacked the authority to award attorneys' fees for O'Reilly's appellate work in the district court, reasoning that (1) an appeal is not a violation of the discharge order, and (2) O'Reilly would have needed to request appellate attorneys' fees from the district court. We disagree with both assertions.

Although it did not involve bankruptcy, our decision in *Weitzman* sheds light on the authority and obligation of a lower court to award appellate attorneys' fees in a successful appeal against a willful contemnor. *See Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996). In *Weitzman*, we held that, where a contemnor willfully violated a court's injunction, that court "would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs" – including appellate fees – incurred by a victim as a result of the contempt. *Id.* at 719. The district court in that case had reasoned that the victim's appellate "costs were not 'caused by'" the contemnor's misconduct. *Id.* at 720. We disagreed, noting that ultimately "none of this [litigation] would have been necessary" if the contemnor had simply obeyed the district court's order. *Id.* Accordingly, we reversed the

8

denial of costs and attorneys' fees associated with the appeal and remanded the case. *Id.* at 720–21.

*Weitzman* thus forecloses the bankruptcy court's first rationale for denying appellate attorneys' fees; while an appeal itself does not violate the bankruptcy court's discharge order, "none of this [appellate litigation] would have been necessary if [Selene] had respected" the bankruptcy court's discharge order. *Id.* at 720. Put plainly, DiBattista's appellate fees were "caused by" Selene's contempt. *Id.* (internal quotation marks omitted). Indeed, the record reflects that the appellate fees were more than $28,000, dwarfing the $17,500 in compensatory damages the bankruptcy court awarded to DiBattista. As these facts demonstrate, the failure to compensate the victim of contempt with appellate fees could leave the victim worse off for seeking to enforce a discharge order and would, at the very least, discount any compensatory damages award.

The bankruptcy court's second rationale – that only the district court could award litigation costs for appellate proceedings before it – is equally unpersuasive. It is undisputed that bankruptcy courts have the power to sanction a party for violating their discharge orders. *See In re Anderson*, 884 F.3d at 391. And in line with long-established practice, this contempt power encompasses the authority to

9

"compensate the complainant for losses stemming from the defendant's noncompliance with an injunction," *Taggart*, 139 S. Ct. at 1801 (internal quotation marks omitted) – even if those losses take the form of appellate litigation fees, *see Weitzman*, 98 F.3d at 720–21.

Selene's other arguments on appeal are similarly unavailing. Selene first attempts to distinguish this case from *Weitzman*, arguing that *Weitzman* dealt with "an attorney's fee award for an appellant's *successful second appeal* seeking to *enforce a non-bankruptcy contempt order* and not, as is the case here, an appellee defending the first appeal of a bankruptcy contempt order, which was partially remanded and thus a partial success." Selene Br. at 19 (emphasis in original). DiBattista, however, was successful on appeal in all material respects. The district court merely remanded for clarification on the $17,500 damages award, leaving the bankruptcy court's willful contempt finding undisturbed. Indeed, on remand, the bankruptcy court reinstated that award. Moreover, it is immaterial that this case involves a bankruptcy court's, rather than a district court's, contempt order. As discussed, sections 524 and 105 of the Bankruptcy Code "bring with them the old soil that has long governed how courts enforce injunctions." *Taggart*, 139 S. Ct. at 1801 (internal quotation marks omitted). That "old soil" permits a court enforcing

10

its injunction – in *Weitzman*, a district court; here, a bankruptcy court – to "compensate [a] complainant for losses stemming from [a] defendant's noncompliance with an injunction." *Id.* (internal quotation marks omitted).

Selene further argues that since the district court "explicitly affirmed the Contempt Order's award of attorney's fees," the bankruptcy court lacked the authority to "revisit" the question of attorneys' fees. Selene Br. at 11–12 (internal quotation marks omitted). It is true that the district court remanded the case "for the sole purpose of reconsidering damages (*apart from* the $9,046.60 representing reasonable legal fees and expenses)." J. App'x at 78 (emphasis added). But the district court did not opine on the appropriateness of appellate fees – an issue that was not raised before it – and in no way prohibited the bankruptcy court from awarding additional fees for O'Reilly's appellate work.

Relying on Rule 8020 of the Federal Rules of Bankruptcy Procedure, Selene next argues that "appellate fees would not be justified given that the underlying appeal could not be considered frivolous." Selene Br. at 15. To be sure, Rule 8020 permits a district court to award attorneys' fees for "frivolous" appeals from the bankruptcy court. Fed. R. Bankr. P. 8020(a). But nothing about the rule precludes a bankruptcy court from exercising the "old-soil" power to award fees for non-

11

frivolous appeals of its contempt order in the appropriate circumstances. The fact that a court can award attorneys' fees for frivolous appeals pursuant to Rule 38 of the Federal Rules of Appellate Procedure does not prevent a lower court from assessing appellate fees against a willful contemnor who has flouted the lower court's injunction order, even where the contemnor's appeal is non-frivolous.

Nor can Selene rely on the so-called American Rule that litigants should bear their own costs, which ordinarily applies "absent explicit statutory authority." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (internal quotation marks omitted). A long-recognized exception to the American Rule permits courts to "assess attorneys' fees for the willful disobedience of a court order as part of the fine to be levied on the [contemnor]." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975) (internal quotation marks and ellipsis omitted). *Weitzman* itself clearly falls within this exception, as does this case.

We are also unpersuaded by Selene's policy argument that authorizing a bankruptcy court to award appellate fees would discourage meritorious appeals. The same could be said of this Court's decision in *Weitzman*, but *Weitzman* is nonetheless the controlling law of the Circuit.

Finally, Selene's argument that O'Reilly failed to provide detailed time entries to support its request for fees does not alter our holding. To the extent that Selene challenges the reasonableness of the fees, that argument is best addressed to the bankruptcy court. *See Weitzman*, 98 F.3d at 720 (remanding for the district court, which issued the violated injunction, "to calculate the appropriate amount of damages and of costs and fees"). At this juncture, we express no view on the reasonableness of the appellate fees sought by O'Reilly. We hold only that the bankruptcy court's denial of O'Reilly's request for appellate fees was based on an erroneous view of the law and was therefore an abuse of discretion. *See In re Kalikow*, 602 F.3d at 91.

## IV. CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings. The district court is instructed to remand this case to the bankruptcy court to calculate the appropriate attorneys' fees and costs from the first appeal or "to articulate persuasive grounds for any denial of compensation for the reasonable legal costs." *Weitzman*, 98 F.3d at 719. Further, "[i]n order to avoid extending this already prolonged litigation, we also direct"

13

the bankruptcy court to consider whether it should "grant fees and costs for this

second successful appeal." *Id.* at 721.